John **PEROTTI**, Plaintiff–Appellee,

v.

Richard P. **SEITER**, et al., Defendants,

Gary F. **Brown**, Sgt.,
Defendant–Appellant.

No. 90–3254.

United States Court of Appeals,
Sixth Circuit.

Argued March 29, 1991.

Decided June 6, 1991.

John D. Poley and Hilary Lerman, argued, Dayton, Ohio, for plaintiff-appellee.

Steven P. Fixler, Asst. Atty. Gen., argued, Office of the Atty. Gen., Federal Litigation Section, Cincinnati, Ohio, for defendant-appellant.

Lee Hornberger, Cincinnati, Ohio, for amicus curiae.

Before GUY and RYAN, Circuit Judges, and JOINER, Senior District Judge.*

JOINER, Senior District Judge.

Defendant, Gary Brown, appeals an award of attorney fees pursuant to 42 U.S.C. section 1988. The plaintiff, a prisoner at the Southern Ohio Correctional Facility, filed suit on April 19, 1983, seeking damages under section 1983 for violation of his eighth amendment rights. Plaintiff alleged that he had been beaten by guards at the prison on three separate occasions. The suit named thirteen defendants, a number of whom were dismissed prior to trial.

On February 17, 1987, plaintiff was awarded a verdict in the amount of $1,000 against defendant Brown alone, as to the third of the alleged beating incidents. The jury found against plaintiff and in favor of

* Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation.

three defendants as to the first of the alleged incidents, against the plaintiff and in favor of defendant Brown and two other defendants on the second of the alleged incidents, and against defendant Brown but in favor of several other defendants as to the third incident. The judgments entered on these verdicts were affirmed by a panel of this court in an unpublished opinion. *Perotti v. Seiter*, 869 F.2d 1492 (6th Cir. 1989).

Plaintiff's two lawyers submitted requests for attorney fees in the amount of $33,355 (for 238.25 hours, plus a .25 multiplier) and $30,210 (for 251.75 hours, plus a .25 multiplier), pursuant to 42 U.S.C. section 1988. On December 11, 1989, the trial court awarded attorney fees to plaintiff's counsel in the amount of $50,800, plus $1,588.76 in costs. Noting that plaintiff had not prevailed on all incidents or against all defendants, the district court reduced the amount sought by 40 percent for "duplication," and then reduced the resulting sum by one-third for lack of success, leaving $25,400. The court then awarded a 2.0 multiplier, stating:

> We believe that a multiplier of one hundred (100%) percent is warranted in this case where the results obtained by Messrs. Poley and Lerman were exceptional, the Court having observed the high caliber of their representation, especially considering the problems attendant to representing Mr. Perotti given his relationship to the guard force and administration at the prison. We are persuaded that the risks involved in assuming representation of such prisoner's civil rights cases on a contingent fee basis warrant an enhancement of the fee award.

The $33,355 and $30,210 base figures upon which the district court performed these calculations already included a .25 multiplier requested by plaintiff's counsel in addition to the lodestar amount. Plaintiff's counsel conceded at oral argument that the district court erred in using figures which were inflated by a .25 multiplier as the base amounts.

Defendant argues that the trial court's award is unreasonable. Brown also asserts specifically that the trial court erred in (1) awarding compensation for pre-appearance billing entries, (2) awarding compensation for travel time at the regular hourly ("lodestar") rate, (3) awarding a multiplier, and (4) awarding as costs items not within the limitations imposed by 28 U.S.C. section 1920. Plaintiff argues that the district court erred in failing to include an award for time spent on litigation of the attorney fees issue itself.

Defendant's general argument that the amount of the award was "unreasonable" is not to the point, because we review the award of attorney fees for abuse of discretion. *Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir.1986). The district court followed the dictate of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), in reducing the attorney fees for the claims which were unsuccessful:

> The total fees ... shall be reduced by forty (40%) percent by reason of duplication. A product of $38,139 shall be further reduced by one-third (⅓) representing that portion of the effort devoted to unsuccessful results in the trial court, resulting in a lodestar figure of $25,400.

We believe that the amount of the trial court's award was not an abuse of discretion in light of the evidence in the record in this case. The degree of discretion given to the district courts by *Hensley* is, however, limited:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

*Id.* at 436–37, 103 S.Ct. at 1941. Among the contentions specifically rejected by the Court was "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon."

The Court noted that "[s]uch a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors." *Id.* at 435–36 n. 11, 103 S.Ct. at 1940–41 n. 11.

In a case such as this one, involving discrete instances of conduct, each of which allegedly involved discrete individuals, the district court should give attention to the content of the billing record in determining the award. An attempt should be made to reduce the fee in a manner rationally related to the amount of time counsel actually devoted to unsuccessful claims that were not essential to the prosecution of the successful claims. This inquiry starts with the billing entries.

■ Plaintiff has the burden of providing for the court's perusal a particularized billing record. That burden is clearly met in this case. If the defendant asserts that a particular charge is related solely to work done on unsuccessful claims, the burden shifts to the defendant to demonstrate that the particular entry represents work done on unsuccessful claims. This burden can be met by evidence submitted at the hearing on the fee motion. Defendant's arguments to this court are mere conclusory allegations that the award was excessive and that plaintiff's counsel employed poor billing judgment. These assertions do not suffice to establish that there was error here, particularly in light of the statements of the district court and our standard of review. There is substantial evidence in the record supporting our conclusion that the district court's award was not an abuse of discretion.

■ Defendant asserts that the hours billed by plaintiff's counsel for work done before appearance should be excluded, in reliance on *Webb v. Board of Education*, 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), in which the court stated:

When the attorney's fee is allowed "as part of the costs"—to use the language of the statute—it is difficult to treat time spent years before the complaint was filed as having been "expended on the litigation" or to be fairly comprehended as "part of the costs" of the civil rights action.

Of course, some of the services performed before a lawsuit is formally commenced by the filing of a complaint are performed "on the litigation." Most obvious examples are the drafting of the initial pleadings and the work associated with the development of the theory of the case.

*Id.* at 242–43, 105 S.Ct. at 1928 (footnote omitted). *Webb* is distinguishable. Here, the work was not performed "years" before counsel's appearances, as was true in *Webb*. Moreover, the pronouncements in *Webb* referred to work performed for administrative proceedings prior to the start of the litigation, which was obviously not compensable as part of the attorney fees for the litigation.

■ Defendant argues that the district court improperly compensated plaintiff's counsel for time spent in travel. Defendant relies upon *Hickman v. Valley Local School District Board of Education*, 513 F.Supp. 659, 663 (S.D.Ohio 1981), for the proposition that travel time should not be billed at the usual rate. Plaintiff points to *Crumbaker v. Merit System Protection Board*, 781 F.2d 191 (Fed.Cir.1986), *modified on other grounds*, 827 F.2d 761 (Fed. Cir.1987), for the contrary position. We believe that matters of this sort are within the discretion given the district court, which has greater familiarity with local practice than does this court, and we will not reverse on this record.

■ Defendant asserts that plaintiff's counsel were not entitled to a fee multiplier. Defendant points first to *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In *Blum*, the district court had awarded a .5 multiplier on grounds of "the complexity of the litigation, the novelty of the issues, the high quality of representation, the 'great benefit' to the class, and the 'riskiness' of the lawsuit." *Id.* at 898, 104 S.Ct. at 1548. The Supreme Court reversed in part the Second Circuit's affirmance of the award, noting the Court's disapproval of a number of the proffered justifications for the multi-

plier. The Court noted, "[t]he novelty and complexity of the issues presumably were fully reflected in the number of billable hours," *id.,* and "[t]he 'quality of representation' ... generally is reflected in the reasonable hourly rate." 465 U.S. at 899, 104 S.Ct. at 1549. The Court further stated that "acknowledgement of the 'results obtained' generally will be subsumed within other factors used to calculate a reasonable fee." 465 U.S. at 900, 104 S.Ct. at 1549–50.

While *Blum* forecloses a number of the justifications offered by the district court in support of the award of a multiplier here, the *Blum* Court expressly declined to reach the issue of whether the risk of failure in certain kinds of cases, when taken for a contingent fee, might be a basis for a multiplier. Defendant asserts that the Court reached this issue in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). However, as we have noted in the past, *Delaware Valley* provided no guidance for the lower courts:

> in *Delaware Valley Citizens' Council,* 107 S.Ct. at 3086–89, four Justices concluded that § 304(d) of the Clean Air Act should be construed as not permitting enhancement of a reasonable lodestar fee to compensate for an attorney assuming the risk of loss and of nonpayment. 107 S.Ct. at 3086–89. Four other Justices opined that an adjustment should be allowed in appropriate circumstances. *Id.* at 3089–91. One Justice found that an adjustment was not proper in that case. As indicated, the law remains at odds on this point.

*Rodriquez v. Bowen,* 865 F.2d 739, 744 (6th Cir.1989). This court has upheld multipliers for the risk of non-compensation in contingent-fee cases subsequent to *Delaware Valley.* In *Fite v. First Tennessee Production Credit Association,* 861 F.2d 884 (6th Cir.1988), we noted that "several circuits ha[ve] held in post-*Blum* decisions that the contingent nature of the fee could justify the increase." *Id.* at 895.

While the district court properly considered whether a multiplier should be awarded for the risk presented by the contingent nature of the representation, we cannot assume that the district court would have awarded a 2.0 multiplier for that risk alone. The district court's opinion specifically states that the 2.0 multiplier was awarded based upon a number of factors. The exceptional results, high caliber of representation, and the difficulties presented by particular facts of the case, such as the problems here due to plaintiff's relationship with the guard force, are not proper predicates for a multiplier. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). For this reason, we must remand the issue of the multiplier to the district court for reconsideration in light of our opinion.

Defendant also attacks the award of costs, on grounds that various aspects of the award exceed the limitations on compensable items stated by 28 U.S.C. section 1920. This objection was not raised in the district court, and therefore is not properly before us. *Boone Coal & Timber Co. v. Polan,* 787 F.2d 1056 (6th Cir.1986).

Finally, plaintiff asserts that the district court erred by failing to include in its written opinion an award for prosecution of the attorney fees matter, which the court orally awarded. Plaintiff did not bring a cross-appeal, therefore this request for enlargement of the relief accorded by the trial court also is not properly before the court. *Federal Energy Admin. v. Algonquin SNG, Inc.,* 426 U.S. 548, 560 n. 11, 96 S.Ct. 2295, 2302–03 n. 11, 49 L.Ed.2d 49 (1975).

We AFFIRM the determination that attorney fees and costs are due in this case, but REVERSE AND REMAND to the district court for correction of the error admitted by counsel regarding the inclusion of a .25 multiplier in the base fee, and for further consideration of the amount, if any, of the multiplier, consistent with this opinion.