961 F.2d 1580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey WOODS; Joyce Woods, Plaintiffs-Appellants Cross-Appellees,
v.
Alfred W. BEAVERS; Annie Beavers; Beaver's Rentals,
Defendants-Appellees Cross-Appellants.
 No. 91-3451.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SILER, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Jeffrey and Joyce Woods appeal the district court's refusal to grant the Woods' request for a fifty percent upward adjustment to the damage award for additional attorney fees following their successful suit against Alfred and Annie Beavers. For the following reasons, we affirm the district court.
 
 
 2
 The Woods sued the Beavers, claiming housing discrimination under the Fair Housing Act, 42 U.S.C. §§ 3601-3631 and the Civil Rights Acts of 1866 and 1870, 42 U.S.C. § 1981 and § 1982. A jury awarded the Woods damages in the amount of $35,000. In their motion for attorney fees, following the jury trial, the Woods submitted figures for the hours spent on the litigation. The Woods requested a fifty percent upward adjustment to the damage award to compensate their counsel for taking the case on a contingency basis. The district court awarded attorney fees in the amount of $40,382.47 based on hours spent, but denied the upward adjustment.
 
 
 3
 In denying the request for an upward enhancement, the district court acknowledged the "broad remedial purposes of the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988" and the risks taken by the Woods' attorneys in accepting the case on a contingency basis. The district court denied the upward enhancement, however, because it found that the Woods' case did not fall within "the category of exceptional cases discussed by the Supreme Court" in Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 483 U.S. 711 (1987).
 
 
 4
 The Woods argue that the district court incorrectly applied the standard set forth in Delaware when it refused to grant the fifty percent enhancement. Specifically, the Woods contend, courts should award an upward adjustment for contingent fee arrangements if (1) parties as a class would face substantial difficulty procuring competent counsel in the local market without the adjustment for the risk of nonpayment, and (2) the market rate for compensation for contingent cases as a class is different than cases where compensation is based on an hourly rate. The Woods argue that the district court's reliance on the "exceptional case" language of Delaware is misplaced because the Woods are seeking the enhancement based on the contingency nature of the fee reimbursement, not the exceptional nature of the case. Justice O'Connor's concurrence, the Woods maintain, specifically rejects an examination of factors unique to an individual case when determining the appropriateness of an upward enhancement of the lodestar. Therefore, the Woods urge, the district court abused its discretion by rejecting the enhancement on the grounds that the case was not "exceptional."
 
 
 5
 The Beavers respond to the Woods' argument by propounding their own interpretation of Delaware and why it supports the district court ruling. The Beavers contend that Justice O'Connor's concurrence limits the circumstances in which an enhancement for contingency may be awarded. Justice O'Connor's standard does not mandate enhancements for contingency, the Beavers assert, but simply explains what parties seeking enhancements must show for a court to properly award an enhancement for contingency. The Beavers argue that under Conklin v. Lovely, 834 F.2d 543 (6th Cir.1987), the district court could award an enhancement for contingency only if the Woods showed actual risk to their attorneys in accepting the case, which the Woods failed to do.
 
 
 6
 After the Supreme Court issued the Delaware decision, we held that the law was still at odds about whether district courts may enhance a lodestar award to compensate an attorney for assuming risk of loss and nonpayment based on a contingent fee arrangement. Rodriguez v. Bowen, 865 F.2d 739, 744 (6th Cir.1989) (Delaware decision provides no guidance to question of whether risk inherent in contingent fee arrangement can be basis for enhancement). See also Perotti v. Seiter, 935 F.2d 761, 765 (6th Cir.1991). In Delaware, four Justices concluded that it was impermissible to enhance a reasonable attorney fee to compensate for the risk on non-payment. Delaware, 483 U.S. at 725-26. Four other Justices concluded that an adjustment should be allowed in appropriate circumstances. Id. at 735. One Justice, Justice O'Connor, found that an adjustment was not proper in the specific case before the Court. Id. at 731-33.
 
 
 7
 We review a district court's award of attorney fees under an abuse of discretion standard. Dean v. Holiday Inns, Inc., 860 F.2d 670, 672 (6th Cir.1988). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." Black Law Enf. Officers Ass'n v. City of Akron, 824 F.2d 475, 479 (6th Cir.1987) (citations and quotations omitted).
 
 
 8
 Upon review, we find that the district court did not abuse its discretion. The district court clearly acknowledged its ability to enhance the fees but chose not to do so. When determining whether to award an upward enhancement of attorney fees, a district court may consider the "exceptional" nature of the case, but this need not be the sole factor considered. See, e.g., Dague v. City of Burlington, 935 F.2d 1343, 1359-60 (2d Cir.1990), cert. granted, 117 L.Ed.2d 130 (1992). In this case, the district court considered whether the case was exceptional, as well as other factors, and in its discretion decided not to enhance the damage award. We find no abuse of discretion and accordingly, we affirm the district court.