**H. Anthony JAMES, Plaintiff,**

v.

**Marvin T. RUNYON, Postmaster General, Defendant.**

No. C1–91–905.

United States District Court,
S.D. Ohio,
Western Division.

June 20, 1994.

Robert Franklin Laufman, Cincinnati, OH, for plaintiff.

Donetta Donaldson Wiethe, U.S. Dept. of Justice, Cincinnati, OH, Michael Propst, U.S. Postal Service, Law Dept. Philadelphia, Philadelphia, PA, for defendant.

## Memorandum and Order

BECKWITH, Judge.

This matter comes before the Court upon Plaintiff's motion for award of attorney fees, Defendant's response and Plaintiff's reply to Defendant's response, and Plaintiff's supplemental motion for award of attorney fees. Plaintiff, having prevailed in his handicap discrimination action, is entitled to an award of attorney fees, litigation costs and expenses pursuant to 29 U.S.C. Sec. 794a(a)(1) which provides that the remedies, procedures and rights set forth in 42 U.S.C. Sec. 2000e–16, including the application of 42 U.S.C. Sec. 2000e–5(f) through (k) shall be available to any successful complainant under 29 U.S.C. Sec. 791. Title 42, Section 2000e–5(k) provides for reasonable attorney fees, including expert fees, as part of the costs. Section 794a(b) provides that the Court may allow the prevailing party, other than the United States, "a reasonable attorney's fee as part of the costs."

### Standard for Award of Attorney Fees

The prevailing Plaintiff is entitled to an award of attorney fees for "all time reasonably spent on a matter." *Northcross v. Bd. of Ed. of Memphis School District,* 611 F.2d 624, 636 (6th Cir.1979). The normal method for determining an appropriate award of attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933[4], 1939, 76 L.Ed.2d 40 (1983).

A fee award may be reduced where a plaintiff does not prevail on all of the claims tried. Where a Plaintiff achieves only partial success, the product of hours reasonably expended on the litigation as a whole multiplied by a reasonably hourly rate may result in an excessive award of attorney fees. *Farrar v. Hobby,* —— U.S. ——, ——, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992) citing *Hensley,* 461 U.S. at 440–41, 103 S.Ct. at 1943. The question for the Court is the scope of the Plaintiff's success as compared to the scope of the litigation as a whole.

### Analysis

### Hourly Rate

Plaintiff requests an award of attorneys fees based upon hourly rates of $175.00 for Robert F. Laufman, as lead counsel and $75.00 for Debra Randman, as co-counsel. The Court must begin its determination of the appropriate award of attorney fees with a finding on the hourly rate to be used. Attorneys' fees are to be "calculated according to the prevailing market rates in the relevant community, regardless of whether Plaintiff is represented by private or non-profit counsel." *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

In the instance of private counsel, as in this case, the private attorney's customary billing rate for fee-paying clients is highly probative of the true market value of the attorney's services. Indeed, the Sixth Circuit has held that the attorneys' normal billing rates should be the "key focal point" in determining the correct hourly rate. The attorney's customary rate should at least provide a "reasonable point of departure" for determining the market value hourly rate. *Kelley v. Metropolitan County Bd. of Educ.,* 773 F.2d 677, 683 (6th Cir.1985) (en banc), *cert. denied,* 474 U.S. 1083, 106 S.Ct. 853, 88 L.Ed.2d 893 (1986).

The customary hourly rate for Plaintiff's lead counsel has been $175 since September, 1992. (Affidavit of Robert F. Laufman). It is also the hourly rate specified in the contingent fee contract with Plaintiff (Plaintiff's Motion, Ex. 6). This hourly rate is consistent with prevailing market rates in the community.

This Court previously concluded in *James v. Frank,* 772 F.Supp. 984, 1000 (S.D.Oh. 1991), the Honorable Nathaniel Jones presiding, that a rate of $160 for Robert F. Laufman was reasonable and in keeping with market rates in the community for similar services rendered from 1985 through 1990.

Ms. Randman is presently employed by the State of Ohio as an Assistant Attorney General. She, therefore, has no customary hourly billing rate. She is, however, entitled to be awarded fees comparable to those which a private attorney with the same or similar qualifications would command according to the prevailing market rates in the community. *Blum, supra.* Attorneys who entered private practice at the same time as Ms. Randman are billing at $90 to $125 per hour (Affidavit of Debra Randman). Plaintiff seeks fees in the amount of $75 per hour for Ms. Randman.

The Court is aware that former Chief Judge Carl B. Rubin of this Court convened a committee of attorneys who practice in this District to determine the average hourly rates in the Cincinnati area in 1983. The report which is the work product of that committee is filed with the Clerk of this Court under the caption *In Re Attorney Fees,* No. MS–1–83–056 (Plaintiff's Motion, Ex. 8 excerpt). This report is widely accepted as a reliable index of attorney fee rates as of its date. The Court is unaware of any updates to that report and no other fee studies in the Cincinnati area are known to exist.

Using the criteria established in the 1983 study, Mr. Laufman would qualify as a "senior partner" and Ms. Randman would qualify as a "young associate." The 1983 rate for senior partners was $128.134 and $61.77 for young associates. If these rates are projected to 1994 at a 4% cost of living increase for each of the years 1984 through 1994, the hourly rate would be $197.57 for senior partners and $95.09 for young associates today.

More recently, *Ohio Law* published rates in December, 1990 which were actually billed by Cincinnati attorneys in the Federated Department Stores bankruptcy case (Plaintiff's Motion, Ex. 7). The rates for those attorneys averaged $177.50 for the nine attorneys with twenty or more years of experience. Again, projecting to 1994 with 4% per year cost of living increases in each intervening year, the hourly rate for attorneys with twenty years or more experience would be $199.66. The article did not contain rates for any attorney with qualifications similar to

Ms. Randman. It, therefore, cannot assist the Court as to her appropriate hourly rate.

The Defendant does not contest the hourly rates requested by Plaintiff's attorneys.

Plaintiff has not submitted any data in support of his claim that the law clerks (whose hours appear on Plaintiff's Motion, Exhibit 3) should be compensated at the rate of $50 per hour as reflected in his Motion and Memorandum for Award of Attorney Fees.

### Number of Hours

The next step in the Court's assessment of the appropriate award of attorneys' fees is the determination of the number of hours reasonably expended in this matter. *Northcross, supra* at 636–637. The affidavits of counsel are the first and best source of information for this determination. The hours claimed are not to be automatically accepted. However, the Court cannot reject any portion of the hours claimed without articulating some reason for its action. *Northcross, supra.* Time expended in the litigation of fee issues should be included in the award. See *Weisenberger v. Huecker,* 593 F.2d 49 (6th Cir.1979).

Plaintiff has submitted four exhibits chronicling hours claimed for service as follows:

| | |
|---|---|
| Robert F. Laufman (Plaintiff's Motion, Ex. 1 and Memorandum in Support of Plaintiff's Supplemental Motion for Award of Attorney Fees) | 498.9 hours |
| Debra Randman (Plaintiff's Motion, Ex. 2) | 84.2 hours |
| Law Clerks (Plaintiff's Motion, Ex. 3) | 43.8 hours |

There does not appear to be any duplication of hours. Plaintiff's attorneys aver that they have used billing judgment at the time services were performed (Affidavit of Robert F. Laufman) and have submitted an accounting of hours for which they are not seeking an award (Plaintiff's Motion, Ex. 4).

This matter involved a two-day hearing before the Merit Systems Protection Board ("MSPB") and seven days of trial in this Court. Plaintiff was successful on his claim that he was discharged in violation of the Rehabilitation Act of 1973. He was unsuc-

cessful on his two claims that his fourteen-day suspensions were unlawful. Plaintiff argues that although he was unsuccessful in connection with the claims regarding the suspensions, the evidence about the suspensions was an essential part of the history of the case. Indeed, he suggests that the suspensions, like his prior discrimination case, set the tone and established the background for the discharge claim.

Defendant claims that the two suspension claims are severable. Defendant says that since Plaintiff did not prevail on those claims, he should not recover attorneys' fees for time spent on those claims. Defendant does not specifically suggest that the facts of the claims are entirely different nor that different or unrelated legal theories are applicable. See *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Defendant submits that some of the hours for which Plaintiff has requested an award should be denied, because those hours cannot be reasonably related to a successful result in this litigation. Defendant cites three specific areas where the fee petition should be reduced. First, Plaintiff's counsel requests an award for 7.5 hours spent between March 18, 1992 and April 15, 1992. During this time counsel was preparing a response to the Notice of Proposed Removal issued to Plaintiff. Although Defendant concedes that Plaintiff's counsel may recover fees for work on the administrative appeal to the MSPB, he states that he is "not aware of authority to support Plaintiff's request for fees for handling an internal appeal that was merely prefatory to his administrative appeal." (Defendant's Response to Plaintiff's Motion For Award of Attorney Fees, Doc. No. 56).

Defendant further requests that the Court deny attorney fees incurred for any hours expended pursuing claims upon which Plaintiff did not prevail at trial. Defendant reminds the Court that Plaintiff filed initial and amended complaints on a variety of issues, including promotion decisions; denial of temporary supervisor assignments and the two fourteen-day suspensions. Plaintiff did not raise his discharge until December 15, 1992, when he filed a motion for leave to file a supplemental complaint incorporating that is-sue. Defendant offers the Court little guidance in disentangling the services of Plaintiff's counsel as to the respective claims.

Defendant concedes "that Plaintiff's claims are somewhat intertwined, and that Plaintiff would have produced evidence regarding claims other than his removal at trial" (Doc. No. 56, supra at 2). He does, however, suggest that "all time spent preparing pleadings, doing research, etc., prior to the dates on which Plaintiff's counsel prepared and filed his supplemental pleading regarding the removal issue, time spent preparing and filing the second amended complaint; and time spent preparing a memorandum regarding the temporary supervisor issue" be disallowed (Doc. No. 56 at 2–3).

Plaintiff responds that he received the Notice of Proposed Removal (Joint Ex. I) on March 17, 1992. The hours to which Defendant objects were spent discussing Plaintiff's discharge, meeting with the polygraph expert, reviewing the Postal Inspector's report and accompanying witness statements (Defendant's Ex. T) and preparing Plaintiff's response to the proposed discharge, including his four-page affidavit (Joint Ex. II).

Section 2000e–5(k), Title 42 provides for attorney fees in "any action or proceeding." Where attorney fees have been incurred in federal administrative proceedings that must be exhausted as a condition for filing an action in federal court, the courts have not hesitated to award fees. *N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 61 n. 2, 100 S.Ct. 2024, 2030 n. 2, 64 L.Ed.2d 723 (1980). In this case, the Plaintiff's response to the Notice of Proposed Removal was the first, foundational step necessary for him to pursue his ultimately successful claim. The MSPB has held fees are reimbursable for time spent in consultation with counsel, despite the fact that counsel may never actually enter an appearance or involve himself in the proceedings. *Johnson v. Dept. of Interior*, 24 MSPR 209 (1984); *Naekel v. Dept. of Transportation*, 32 MSPR 497 (1987).

██ The Court as a policy matter is inclined to encourage counsel to engage in the sort of thorough pre-filing preparation which can prevent improvidently filed claims. Un-

questionably, counsel must engage in investigation, development of legal theory or theories of the case and pleading draftsmanship prior to the actual commencement of litigation. See generally, *Webb v. Board of Educ. of Dyer County, Tenn.*, 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985).

There can be no logical distinction made between the Plaintiff's appeal to the MSPB and the filing of the supplemental complaint. Service in preparation for filing the MSPB appeal are reasonably and logically related to the filing of the supplemental complaint.

Plaintiff posits that all of Plaintiff's claims for relief stem from a common core of facts and/or related legal theories. The Supreme Court has stated that counsel's time will often be devoted to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead, the district court should focus on the significance of the overall relief obtained by the Plaintiff in relation to the hours reasonably expended on the litigation. In these circumstances, the fee award should not be reduced simply because the Plaintiff failed to prevail on every contention raised in the lawsuit. *Hensley, supra.*

Successful and unsuccessful claims are deemed related when they "involve a common core of facts"; are "based on related legal theories" or when counsel's time is "devoted generally to the litigation as a whole, making it difficult to divide the hours expended." *Hensley, supra*, 461 U.S. at 435, 103 S.Ct. at 1940. Plaintiff points out that the intertwined facts make this case impossible to partition into neat categories of time spent on each separate claim.

Plaintiff's success on his discharge claim, including back pay and front pay, together with lost benefits, will amount to two hundred times the amount in controversy in the two fourteen-day suspensions. By the most objective standard, the discharge claim must be regarded as the major claim in the case. Vindication, as adjunct to the Plaintiff's success, must also be deemed a valuable victory.

The Court must attempt to reduce the fees in some rational manner if it appears appropriate. "The amount of time counsel actually devoted to unsuccessful claims that were not essential to the prosecution of the successful claims" should be weeded out. *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir.1991). However, the Defendant must undertake to "demonstrate that the particular entry represents work done on unsuccessful claims." *Perotti, supra.* Defendant's objection lacks such specificity. Additionally, a purely mathematical approach comparing the total number of issues in the case with those actually prevailed upon is generally disfavored. *Hensley, supra*, 461 U.S. at 435, n. 11, 103 S.Ct. at 1940, n. 11.

In retaliation cases, such as the one at bar, it is peculiarly necessary for Plaintiff to establish the history of the parties' dealings. See *Hyland v. Kenner Products Co.*, 13 FEP Cases 1647, 1651–1652, 1976 WL 681 (S.D.Ohio 1976). The suspensions would undoubtedly have played a part in both sides' presentation of the history of the case, just as the two letters of warning, denial of acting supervisor opportunities, failure to accommodate with a chair and other acts of discrimination or harassment against Plaintiff by Postal Service employees both prior to Plaintiff's arrival and at the Sycamore Branch would have come into evidence.

Plaintiff concedes that, to the extent certain services can be isolated as relating solely to the suspension claims, those hours should be deleted. Plaintiff states that no depositions or discovery briefs or legal research are attributable to the suspension claims. Plaintiff further states that no witness, produced by Plaintiff, testified solely as to the suspension claims. Plaintiff, nevertheless, acknowledges that 2.4 hours of time related to the suspension claims was inadvertently included in the fee application (Plaintiff's Reply, Ex. 5).

Plaintiff argues that the withdrawal of his appeal of the MSPB decision was not so much a concession of defeat as a recognition of its mootness in light of the Court's ruling on front pay. Thus, he argues the Court should not disallow time spent on this claim.

Finally, Plaintiff concedes that he has identified 9.0 hours attributable to Defendant's first deposition of Plaintiff, Plaintiff's response to Defendant's discovery, and research with briefing on the retroactivity issue. This time may be segregated as applicable solely to the promotion claims.

### Litigation Costs

Prevailing Plaintiffs are entitled to recover costs of litigation which would normally be borne by fee-paying clients. This typically includes filing fees, long-distance telephone charges, copying costs, deposition and transcript costs. *Northcross, supra* at 639. Expert witness fees are authorized by 42 U.S.C. Sec. 2000e–5(k).

Plaintiff claims the following expenses:

| | |
|---|---|
| Filing fees | $120.00 |
| Witness fees | 42.80 |
| Deposition/transcripts | 841.50 |
| Expert evaluations/reports/testimony | 1,580.00 |
| Copying costs | 623.85 |
| Long distance telephone charges | 106.29 |
| Total | $3,314.44 |

(Plaintiff's Memorandum in Support of Award of Attorneys Fee, Doc. No. 54 and Plaintiff's Supplemental Motion For Award of Attorney Fees, Doc. No. 61.)

Defendant does not contest any of these costs.

### Conclusion

Plaintiff's attorneys have satisfied the Court that they are entitled to be compensated at the hourly rate of $175 for Mr. Laufman and $75 for Ms. Randman as the market value of their services in this legal community. Plaintiff's attorneys have reasonably expended 487.5 hours and 84.2 hours respectively in the preparation and presentation of Plaintiff's successful claim. The Court has reduced Mr. Laufman's claim for fees by 11.4 hours, representing 9.0 hours for the promotion claim and 2.4 hours for the suspension claims. No other deductions can be rationally supported on the record. Plaintiff shall recover a total of $91,627.50 for attorneys' fees.

Plaintiff is entitled to recover costs of litigation totaling $3,314.44.

Plaintiff is **GRANTED** judgment in the total sum of $94,941.94 for his attorneys' fees and costs herein.

Plaintiff has failed to adduce any evidence to support a finding by this Court as to the market value of the services of the law clerks in this legal community. Defendant has indicated no objection to the claim for law clerks' services at the rate of $50 per hour. The Court, however, will not make such an award without appropriate evidence in the record. Counsel shall file supplemental briefs on this issue within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**