94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALLIANCE ENVIRONMENTAL, INC., R. John Lehman, Plaintiffs-Appellants,
v.
HARRISON WESTERN CONSTRUCTION CORP., Defendant,
Water Development Corp., Defendant-Appellee
 No. 95-3433.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: SILER and BATCHELDER, Circuit Judges, and CARR, District Judge[1].
 PER CURIAM.
 
 
 1
 This appeal concerns the propriety of an award of attorney fees. We review such an award for abuse of discretion. Perotti v. Seiter, 935 F.2d 761, 763 (6th Cir.1991). For the following reasons, we find no abuse of discretion, and we affirm the award.
 
 
 2
 Appellant Alliance Environmental, Inc. (Alliance), and appellee Water Development Corp. (WDC) perform environmental testing. Appellant Lehman is Alliance's president. On March 29, 1993, Alliance bought from WDC a right of first refusal regarding purchase of specified drilling equipment. In exchange, WDC received from Alliance some cash and a $60,000 promissory note guaranteed by Lehman. This note contained the following provision: "Maker [Alliance] agrees to pay all costs of collection including, but not limited to, reasonable attorneys' fees, incurred by the Holder [WDC]." Appell. Brief at 11.
 
 
 3
 Alliance obtained the rig, but was dissatisfied with it. Alliance and Lehman sued the rig's manufacturer and WDC, and refused payment to WDC on the note. The parties subsequently settled the appellants' claims, and on November 7, 1994, the district court approved an agreed judgment entry. App. at 130. This judgment dismissed all claims against WDC with prejudice. It also ordered Alliance and Lehman to pay to WDC the $60,000 amount due under the note. The court stayed execution of the judgment, however, for as long as appellants made monthly payments on the note. Finally, paragraph four of the agreed judgment stated:
 
 
 4
 4. If Alliance and Lehman fail to make any such monthly payment, Water shall be free to execute on such judgment and Water may move ... for an award of the attorney fees and related collection costs incurred by Water since commencement of this litigation. The parties expressly acknowledge that Water is entitled to such an award pursuant to the terms of the Promissory Note ... and hereby waive any time limits on such award.
 
 
 5
 App. at 131.
 
 
 6
 Alliance tendered the first monthly payment due under the note and the November 7, 1994, judgment. It did not, however, tender further payments when due. Accordingly, on January 17, 1995, WDC moved for attorney fees. Alliance contested this motion, arguing that attorney fee provisions in promissory notes are not enforceable under Ohio law.
 
 
 7
 On March 22, 1995, the district court granted WDC's motion. It awarded WDC the full amount of attorney fees it sought, $50,216.48. In the November 7, 1994, judgment, the district court explained, Alliance and Lehman had "expressly acknowledge[d]" WDC's entitlement to such fees if it did not receive timely payment. They had thereby "expressly waived any defense" based on Ohio public policy.
 
 
 8
 Alliance and Lehman argue on appeal that the attorney fee provision in the note is not enforceable. They contend that, under Ohio law, "stipulations incorporated in promissory notes for the payment of attorneys fees, if the principal and interest be not paid at maturity, are contrary to public policy and void." Miller v. Kyle, 85 Ohio St.3d 186 (1911). They further contend that, by stating that WDC would recover attorney fees "pursuant to" the note, the November 7, 1994, paragraph four of the judgment renders WDC's right to such fees "subject to," i.e. conditional upon, the validity of the note's attorney-fee provision (Reply at 1).
 
 
 9
 We see no need to rule on the disputed issue of the enforceability under Ohio law of attorney-fee provisions in promissory notes. WDC is entitled to fees based on the parties' settlement agreement, and that agreement did not preserve any objection to the validity of the provision in the note.
 
 
 10
 Under Ohio law, "settlement agreements are highly favored." Continental West Condominium Unit Owners Ass'n v. Howard E. Ferguson, Inc., 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation." Id. Therefore, a settlement agreement incorporated into a judgment is "designed to establish the terms" for ending litigation. Id. at 502-503. Courts construe settlement agreements with these principles in mind. See id.; Astor v. International Business Machines Corp., 7 F.3d 533, 539 (6th Cir.1993) (quoting Construction Interior Systems, Inc. v. Marriott Family Restaurants, Inc., 984 F.2d 749, 754 (6th Cir.1993) ("interpretation of written contract terms is a matter of law.").
 
 
 11
 The present settlement agreement is unambiguous. In it, Alliance and Lehman expressly acknowledged that, if they failed to make the monthly payments required by the note, they would have to pay WDC's attorney fees "pursuant to the terms of the Promissory Note.". In other words, they promised to honor that prior commitment.
 
 
 12
 "Pursuant to" does not mean "subject to," or conditioned on the validity of, as Alliance and Lehman suggest. To the contrary, "pursuant to" means "in conformance to or agreement with." Webster's Third New International Dictionary (1993). Hence Alliance and Lehman did not expressly condition their promise upon the validity of the attorney-fee provision in the underlying note. Nor should we infer such a condition. As the Ohio Supreme Court noted, settlements are meant to end litigation. Consequently, a party that wishes to condition its promises--and thereby to retain the threat of future litigation--must do so explicitly. Alliance and Lehman did not do so.
 
 
 13
 The district court simply enforced the terms of the parties' settlement agreement. That agreement did not make an award of attorney fees dependent on the validity of the attorney-fee provision in the note. The court's decision, therefore, was not an abuse of discretion.
 
 
 14
 For these reasons, we AFFIRM the district court's ruling.
 
 
 
 [1]
 The Honorable James G. Carr, District Judge, United States District Court for the Northern District of Ohio, sitting by designation