99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph ROBINSON; Rose Robinson Tiffany Robinson, through
her parents and next friends, Joseph and Rose
Robinson, Plaintiffs-Appellees,
v.
ELIDA LOCAL SCHOOL DISTRICT, BOARD OF EDUCATION, Defendant-Appellant.
 No. 95-3796, 95-3814, 95-3922 and 95-3950.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1996.
 
 N.D. Ohio, No. 93-07734; James G. Carr, Judge.
 N.D.Ohio
 REVERSED.
 Before: BROWN, KENNEDY and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Appellant Elida Local School District ("defendant") appeals a grant of summary judgment in favor of appellees/cross-appellants Joseph, Rose, and Tiffany Robinson ("plaintiffs") on plaintiffs' lawsuit for attorneys fees and costs under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(e)(4)(B). Defendant also appeals the grant of plaintiffs' motion for attorney fees and costs incurred in bringing their section 1415(e)(4)(B) suit. Plaintiffs cross-appeal, claiming that the District Court improperly reduced both fee awards. For the following reasons, we REVERSE the grant of summary judgment for plaintiffs and REMAND for proceedings consistent with this memorandum.
 
 I. Procedural History and Facts
 
 2
 Plaintiff Tiffany Robinson has cerebral palsy. She attends school within the defendant District. Because of her disability, she undergoes multi-factor evaluations ("MFEs"), which result in individualized education programs ("IEPs") for her schooling.
 
 
 3
 Plaintiffs and defendant had signed IEPs regarding Tiffany for the 1990-91 and 1991-92 school years, when she was in kindergarten and first grade. The parties, however, were unable to reach an agreement on an IEP for Tiffany's second-grade year. Plaintiffs claim that they became so frustrated with the attitude of school officials that plaintiff Rose Robinson announced at the October, 1992 annual IEP review meeting that she was going to make defendant provide a better environment for Tiffany's special needs by filing a request under state administrative law for a due process hearing.
 
 
 4
 After the October, 1992 meeting, school officials and plaintiffs, represented by current counsel, were unable to make much progress towards formulating a new IEP acceptable to all. In January, 1993, a psychologist for defendant notified plaintiffs that she desired to initiate a multi-factor evaluation for Tiffany by West Central Ohio Special Education Regional Resource Center ("SERRC"). The letter requested the consent of Tiffany's parents to the evaluation.
 
 
 5
 In February, 1993, plaintiffs filed a formal request for a due process hearing, identifying thirteen specific issues for which they sought redress. On May 15, 1993, Tiffany's parents signed the consent to the MFE requested by defendant, although their lawyer did not send their signed consent to defense counsel until a month later. Plaintiffs claim that they initially withheld consent to the MFE requested by defendant because they feared that an MFE would upset Tiffany even more, because they feared that defendant would use the MFE to prepare its case against the due process request, and because defendant had not disclosed who their experts would be.
 
 
 6
 Over the summer of 1993, SERRC evaluated Tiffany and issued a summary report on August 31, 1993. District personnel then wrote a draft IEP, which underwent revisions as a result of subsequent input from plaintiffs, their lawyer, and their experts. On November 10, 1993, the parties signed a final IEP for the 1993-94 school year, when Tiffany was in third grade. Plaintiffs also withdrew their due process request on that same day.
 
 
 7
 On December 27, 1993 Plaintiffs brought this action in federal district court against defendant under the IDEA for attorney fees and costs to date. Both parties moved for summary judgment. On June 6, 1995, the District Court issued an order denying defendant's motion and granting plaintiffs' motion. On June 21, 1995, plaintiffs moved for fees incurred in bringing their action for fees. On June 26, 1996, the District Court filed a final judgment regarding plaintiffs' award of pre-IDEA suit fees. On July 20, 1995, defendant appealed this judgment. On July 25, 1995, the District Court partly granted plaintiffs' June 21, 1995 motion for additional attorney fees. On July 26, 1996, plaintiffs filed a cross-appeal of both orders issued by the District Court.
 
 II. Analysis
 
 8
 The IDEA allows prevailing parties to collect fees incurred at the administrative level. 20 U.S.C. § 1415(e)(4)(B); Payne v. Bd. of Educ., Cleveland City Schools, 88 F.3d 392, 396 (6th Cir.1996). A plaintiff can qualify as a "prevailing party" even without receiving judicial relief if the proceeding was the "catalyst" which caused the defendant to change its conduct and provide some or all of the relief sought by the plaintiff. Payne, 88 F.3d at 397. A plaintiff alleging that the request for a due process hearing was the catalyst for a beneficial IEP must show that the request was a "necessary and important factor" in producing the relief contained in the IEP. Id. at 399. "Even where a defendant makes some changes following administrative proceedings that comport with a plaintiff's demands, if the actions are taken unilaterally by the defendant and there is no indication that they would not have transpired had the plaintiff not pursued the administrative process, the plaintiff cannot qualify as a 'prevailing party' for fee shifting purposes." Id.
 
 
 9
 "Although we ordinarily review a district court's factual determination of whether a party has 'prevailed' for clear error, ... we review a district court's grant of summary judgment de novo." Id. at 397 (citations omitted). "Summary judgment is appropriate when, after considering the evidence in the light most favorable to the non-moving party, no genuine issue of material fact remains in dispute...." Id.
 
 
 10
 The District Court held that all evidence indicated that either plaintiffs' formal request for due process or their threat to seek due process caused defendant to produce an IEP more favorable than that which they otherwise would have formulated. The record, however, contains evidence to the contrary. For example, defendant has submitted evidence that 1) plaintiffs never threatened to seek due process before filing a formal request, see Joint Appendix, p. 452; 2) defendant initiated a reevaluation of Tiffany before plaintiffs filed their due process request, see id. at 110; and 3) the individual who prepared the draft IEP on behalf of defendant relied upon a reevaluation of Tiffany performed by school officials during the summer of 1993, see id. at pp. 121-27, 379, rather than upon the due process request or the evaluations performed by plaintiffs' experts. See id. at 379-80.[1] The action is remanded to the District Court for an evidentiary hearing regarding whether plaintiffs' formal due process request was the catalyst for the final IEP and its particular provisions. The record presents issues of fact as to whether the filing of the request for a due process hearing was a catalyst for any relief.
 
 
 11
 In view of the remand, it is unnecessary to address whether the District Court lacked jurisdiction to decide on July 26, 1995 plaintiffs' motion for fees incurred in bringing their successful fee action. Likewise, it is unnecessary to address whether the District Court abused its discretion by reducing plaintiffs' two fee awards. With regard to plaintiffs' claim that the District Court could not eliminate all fees incurred during travel time, however, we note that attorney fee awards ultimately rest upon market rates prevailing in the local community. See Hadix v. Johnson, 65 F.3d 532, 536 (6th Cir.1995); see also Missouri v. Jenkins, 491 U.S. 274, 287 n. 9 (1989) (attorneys must base fee requests upon prevailing billing practice in the local community). Accordingly, district courts have the discretion to determine the local practice regarding payment for travel time. See Perotti v. Seiter, 935 F.2d 761, 764 (6th Cir.1991). The current record is silent as to whether attorneys in the local community customarily charge for travel time, and whether it was reasonable for plaintiffs to retain counsel from Columbus, Ohio.
 
 III. Conclusion
 
 12
 Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.
 
 
 
 [1]
 The District Court apparently found that defendant was not credible, see Joint Appendix, p. 46 (footnote 4 of the order granting summary judgment to plaintiffs), an improper finding for a court to make when disposing of a summary judgment motion