NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0519n.06

Nos. 15-2075/2127

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 02, 2016
DEBORAH S. HUNT, Clerk

SETARA TYSON,

        Plaintiff-Appellee/Cross-Appellant,

v.

AL CHAMI, et al.,

        Defendants-Appellants/Cross-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

_____/

BEFORE:    BOGGS, CLAY, and SUTTON, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff SeTara Tyson ("Plaintiff") and defendants Sterling Rental, Inc., dba Car Source, Al Chami, and Rami Kamil (collectively "Defendants") cross-appeal from the district court's order granting in part and denying in part Plaintiff's motion for attorney fees. For the reasons set forth below, we **AFFIRM** the district court's lodestar calculation but **REVERSE** the twenty-percent reduction in the fee award and **REMAND** for a recalculation of the reduction in light of our holding for appeal Nos. 15-1465 and 15-1468.

## BACKGROUND

The facts giving rise to these appeals are more fully set out in our opinion for appeal Nos. 15-1465 and 15-1468.[1] For our present purposes, it is sufficient to recount the following procedural facts. Plaintiff filed suit in federal district court on August 14, 2013, raising various

---

[1] Those appeals—Nos. 15-1465 and 15-1468—are taken from the same district court case giving rise to the cross-appeals at issue here, but Nos. 15-1465 and 15-1468 concern the district court's disposition of the parties' cross-motions for summary judgment.

state and federal claims stemming from her purchase of an automobile from Defendants on August 10, 2013. Following discovery, the parties filed cross-motions for summary judgment. Pursuant to the district court's orders on those motions, Plaintiff succeeded on her claims brought under the notice provisions of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d)(2), and the "excessive fee" provisions of the Michigan Credit Reform Act ("MCRA"), Mich. Comp. Laws § 445.1856(4). However, Plaintiff lost on her claims for conversion brought under Michigan common law and Mich. Comp. Laws § 600.2919a(1)(a). The parties thereafter agreed to resolve all remaining claims by stipulation, and the district court entered an order to that effect on April 9, 2015.

Following cross-appeals from the district court's summary judgment orders, litigation continued in the district court in connection with Plaintiff's motion for attorney fees. That motion was brought pursuant to fee-shifting provisions contained in the ECOA and the MCRA. *See* 15 U.S.C. § 1691e(d); Mich. Comp. Laws § 445.1861(1)(d). Plaintiff requested $105,055.75 in fees based on a total of 344.94 billable hours worked by several attorneys over the course of the roughly two-year-long litigation, all billed at a "blended rate" of $304.56 per hour. On August 18, 2015, the district court entered an order granting Plaintiff's motion in part and awarding $57,306.40 in fees. In reducing the amount of Plaintiff's requested fees, the district court held, *inter alia*, that because Plaintiff lost on her conversion claims, her total fee award should be reduced by a blanket twenty percent. The parties timely cross-appealed from the fee order, giving rise to the cases at bar.

## DISCUSSION

We review the district court's decision to award attorney fees for an abuse of discretion. *See Balsley v. LFP, Inc.*, 691 F.3d 747, 773 (6th Cir. 2012). "Generally, the trial judge's

exercise of discretion in statutory fee award cases is entitled to substantial deference, especially when the rationale for the award was predominantly fact-driven." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (noting that review of a fee award should account for the district court's "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters"). Nevertheless, "[a]n abuse of discretion occurs when the district court has relied on clearly erroneous findings of fact, when it improperly applies the law, or when it uses an erroneous legal standard." *Balsley*, 691 F.3d at 761 (quoting *Tahfs v. Proctor*, 316 F.3d 584, 593 (6th Cir. 2003)).

Below, the district court granted Plaintiff's motion for summary judgment as to her claims brought under the ECOA and the MCRA, both of which allow for the recovery of "reasonable" costs and fees incurred by a prevailing plaintiff. *See* 15 U.S.C. § 1691e(d); Mich. Comp. Laws § 445.1861(1)(d). When determining what constitutes a "reasonable" fee award, we have held that calculating the applicant's "lodestar" figure is the proper starting point. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The "lodestar" is "the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." *Adcock-Ladd*, 227 F.3d at 349. Once the "lodestar" has been calculated, the district court may, "within limits," *id.*, adjust that figure after considering the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Adcock-Ladd*, 227 F.3d at 349 & n.8 (citing *Hensley*, 461 U.S. at 434 n.9). "The most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436.

The district court in this case began calculating Plaintiff's lodestar by making factual determinations regarding reasonably expended hours and reasonable hourly rates. The court ultimately arrived at a lodestar of $71,633 for 241.86 hours of work. The district court thereafter applied a blanket twenty percent reduction to the lodestar amount, concluding that such a reduction was necessary due to Plaintiff's lack of success on her conversion claims. All told, the district court awarded Plaintiff $57,306.40 in fees.

On appeal, Defendants raise two primary objections to that award; both are easily rejected. First, Defendants boldly assert that the district court abused its discretion by awarding any fees whatsoever because Plaintiff's counsel "lied under oath" and "committed perjury" in his fee petition. In support of this accusation, Defendants note that although Plaintiff's petition states that her lead counsel typically bills at $400 per hour, counsel's website states that he "represent[s] clients on contingency in almost all matters." (First Br. at 8–9.) Defendants offer no additional proof that Plaintiff's counsel asserted his hourly rate in bad faith, or that he lied in his filings before the district court. It thus appears that the crux of Defendants' argument is that an attorney who takes most cases on contingency cannot also have an hourly rate. In the end, Defendants' bluster does little to mask their own confusion regarding a seemingly basic concept of legal practice: taking cases on contingency and having an hourly rate are not mutually exclusive.

Defendants' second argument likewise asserts that any award of fees constituted an abuse of discretion, this time citing a variety of alleged misdeeds by opposing counsel. For example, Defendants reference another case in which opposing counsel's requested fees were reduced, asserting that the case serves as proof that counsel habitually requests "over-inflate[d]" fee awards. (*See* First Br. at 21.) Defendants fail, however, to provide any argument in support of

their claim that opposing counsel's fees in *this* case were improperly inflated; nor do they offer any substantive analysis of the cited case justifying an analogy. Defendants also repeatedly quote *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980), in which the Seventh Circuit held that a district court did not abuse its discretion by denying outright a request for an "outrageously unreasonable" fee award. They thereafter proclaim that opposing counsel's initial fee request of $105,055.75 was "outrageous," but they again fail to provide any developed explanation as to why. Finally, Defendants make several allegations that opposing counsel failed to pursue non-litigious methods of resolving this case, implying either misconduct or bad faith.

Defendants' briefing, however, ultimately fails to provide any authority that would persuade us to overturn the district court's determination that fees were warranted in this case—a determination, no doubt, based at least partly on the court's own observations of counsels' conduct over the course of this nearly two-year litigation. *See Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) ("[C]onclusory allegations that the award was excessive and that . . . counsel employed poor billing judgment . . . do not suffice to establish that there was error . . . , particularly in light of the statements of the district court [explaining the award] and our standard of review." (quoting *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991))). As we noted above, such fact-driven determinations are entitled to "substantial deference." *Adcock-Ladd*, 227 F.3d at 349. Defendants' liberal use of invective does not persuade us that such deference is unwarranted in this case.

Having concluded that the district court did not abuse its discretion by awarding *some* fees, we nevertheless find that the district court erred when calculating the appropriate amount of fees. As noted above, the court applied a blanket twenty-percent reduction to Plaintiff's lodestar because she lost on her conversion claims. Because we hold in appeal Nos. 15-1465 and 15-

1468 that the district court inappropriately granted Defendants' motion for summary judgment on Plaintiff's statutory conversion claims, we conclude that the twenty-percent reduction was premised on a "clearly erroneous finding[] of fact."[2]  *Balsley*, 691 F.3d at 761.  We further conclude that remand is necessary in light of these new factual circumstances.

## CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's lodestar calculation but **REVERSE** the twenty-percent reduction in the fee award and **REMAND** for recalculation of the reduction in light of our holding for appeal Nos. 15-1465 and 15-1468.

---

[2] We note, however, that the propriety of the district court's blanket twenty-percent reduction—with little explanation for that particular percentage—is questionable.  We have repeatedly admonished district courts for resorting to the expediency of "mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Imwalle*, 515 F.3d at 554 (internal quotation marks omitted).  We have held, moreover, that "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorneys fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996).  In any event, the district court should be mindful of its obligation "to give a clear explanation of the fee award." *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004).