DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARTIN O'BOYLE,**
Appellant,

v.

**TOWN OF GULF STREAM,**
Appellee.

No. 4D21-1374

[June 1, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Kerner, Judge; L.T. Case No. 502019CA006817.

Jonathan R. O'Boyle of The O'Boyle Law Firm, P.C., Deerfield Beach, for appellant.

Jeffrey L. Hochman and Hudson C. Gill of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., Fort Lauderdale, for appellee.

GROSS, J.

In this case, the primary[1] question we address is this: In a case brought under the Public Records Act, Chapter 119, Florida Statutes, may a lawyer recover fees for his assistance of a pro se litigant before entering a notice of appearance, where an agency unlawfully refuses to permit a public record to be inspected or copied? We hold that the attorney is entitled to recover fees for such work, so long as the complaint requested attorney's fees and disclosed that it was prepared with the assistance of counsel.

In April 2019, appellant Martin O'Boyle made a public records request to the Town of Gulf Stream relating to an incident at the town hall on September 22, 2015.

---

[1] Appellant also raises the issues of his entitlement to recover fees for litigating the amount of fees and whether the trial court erred in denying a fee multiplier. On these issues, we affirm the trial court for the reasons stated in *O'Boyle v. Town of Gulf Stream,* No. 4D21-972 (Fla. 4th DCA June 1, 2022).

In May 2019, appellant filed a pro se complaint under the Public Records Act, alleging that the town "failed to produce all responsive records or ha[d] unlawfully destroyed responsive records." The complaint disclosed that it had been prepared with the assistance of counsel.

Appellant's son, attorney Jonathan O'Boyle, was the lawyer who assisted appellant in preparing the complaint. Jonathan O'Boyle later testified that he did not sign the complaint because he "was not 100 percent sure at the time that this was going to result in a success."

On the eve of a hearing set for June 21, 2019, Jonathan filed a Notice of Appearance as counsel of record for appellant.

About a year later, the trial court entered a Consent Final Judgment, finding that the Town's response to the public records request was incomplete, "thereby entitling [appellant] to recover from the Town his reasonable costs of enforcement, including reasonable attorneys' fees, under the Act."

Appellant then moved for attorney's fees and costs.

At the fee hearing, the Town's fee expert opined that it was not reasonable to award attorney's fees for the time Jonathan O'Boyle spent on the case before he made a notice of appearance. The expert explained that the Town assesses its risks differently depending on whether the case is brought by a pro se litigant or an attorney. If an attorney is bringing the case, there is "another dynamic" because the Town is on notice that "an attorney is involved and will be seeking fees on behalf of their client." Although appellant disclosed that the complaint was prepared with the assistance of counsel, the expert opined that this disclosure was not sufficient to give the Town notice that an attorney was "charging behind the scenes while [appellant] [was] ostensibly litigating the case pro se." However, the expert acknowledged that if an attorney files a complaint on behalf of a client, the "line of demarcation is not when they filed the complaint" and "it's reasonable to get fees in the preparation of the complaint before they bring the lawsuit."

In its order on the motion for fees and costs, the trial court awarded a total amount of $38,582.30. Significant to this appeal, the court determined that fees were recoverable from the date that Jonathan O'Boyle entered his notice of appearance through the date of the entry of the Consent Final Judgment.

In an action under Chapter 119, "the court shall assess and award the reasonable costs of enforcement, including reasonable attorney fees, against the responsible agency if the court determines," among other things, that the "agency unlawfully refused to permit a public record to be inspected or copied." § 119.12(1)(a), Fla. Stat. (2018).

The issue presented in this case is whether a lawyer's assistance of a pro se litigant before entering a notice of appearance is included in the "reasonable costs of enforcement." This is an issue of first impression.

The Rules Regulating the Florida Bar provide some guidance. Rule 4-1.2(c) formally approves of "unbundled" legal services, stating in relevant part: "If not prohibited by law or rule, a lawyer and client may agree to limit the objectives or scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent in writing . . . ."

The comment to this rule states that a lawyer who assists a pro se litigant by drafting a court document is not obligated to sign the document, but must disclose that the document was "Prepared with the assistance of counsel" to avoid misleading the court:

> [A] lawyer and client may agree that the representation will be limited to providing assistance out of court, including providing advice on the operation of the court system and drafting pleadings and responses. If the lawyer assists a pro se litigant by drafting any document to be submitted to a court, the lawyer is not obligated to sign the document. However, the lawyer must indicate "Prepared with the assistance of counsel" on the document to avoid misleading the court, which otherwise might be under the impression that the person, who appears to be proceeding pro se, has received no assistance from a lawyer.

Comment to R. Regulating Fla. Bar 4-1.2.

The comment further provides that, "[r]egardless of the circumstances, a lawyer providing limited representation forms an attorney-client relationship with the litigant[.]" *Id.*

Section 119.12(1) states that the reasonable costs of enforcement include "reasonable attorney's fees." The statute does not distinguish between "pre-appearance" and "post-appearance" attorney's fees.

3

The request for attorney's fees in the complaint, coupled with the complaint's disclosure that it was prepared with the assistance of counsel, provided the Town with notice that an attorney was involved in the case and that appellant was asserting a claim for attorney's fees. This disclosure notified the Town that an attorney was assisting appellant in a limited-representation capacity.

Contrary to the Town's argument that Jonathan O'Boyle's failure to sign the complaint was "consistent with a not-yet-formed attorney-client relationship" during the pre-appearance phase of the case, the evidence before the court and comment to Rule 4-1.2 make clear that an attorney-client relationship was indeed formed before Jonathan O'Boyle filed his Notice of Appearance. The Florida Supreme Court has expressly allowed this type of limited representation, which does not obligate the lawyer to sign the pleading.

In sum, we conclude that Jonathan O'Boyle's assistance of appellant before entering a notice of appearance is included in the "reasonable costs of enforcement" under section 119.12 because (1) an attorney-client relationship existed from the outset of the case, (2) the Town was on notice that an attorney was assisting appellant and that appellant was claiming attorney's fees, and (3) Jonathan O'Boyle's pre-appearance labor assisted with the enforcement of Chapter 119. *See Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991) (rejecting argument that "the hours billed by plaintiff's counsel for work done before appearance should be excluded" from the fee award); *see also* Jona Goldschmidt, *In Defense of Ghostwriting*, 29 Fordham Urb. L.J. 1145, 1210 n.216 (2002) (stating that unbundling allows "attorneys to recover court-sanctioned attorney's fees in limited appearances when fees would be awarded for the same tasks if performed in a full service context" (quoting *Ltd. Representation Comm. of the Cal. Comm'n on Access to Justice, Report on Limited Scope Legal Assistance with Initial Recommendations* (2001))).

For these reasons, we affirm in part, reverse in part, and remand to the circuit court for a hearing on the amount of attorney's fees to which appellant is entitled for legal work done by Jonathan O'Boyle before he filed a notice of appearance.

*Affirmed in part, reversed in part, and remanded.*

GERBER and ARTAU, JJ., concur.

\*       \*       \*

4

*Not final until disposition of timely filed motion for rehearing.*