**Sharon CRAMBLIT, Plaintiff–Appellant,**

v.

**Edward FIKSE, et al., Defendants,**

**Captain Rodney McFarland and Patrolman Jerry Leach, Defendants–Appellees.**

No. 93–3343.

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1994.

Decided Aug. 30, 1994.

---

**634**

William H. Blessing, W.B. Markovits (briefed), Markovits & Greiwe, Cincinnati, OH, for plaintiff-appellant.

Ralph F. Mitchell, D. Michael Poast (briefed), Robert F. Brown, Rendigs, Fry, Kiely & Dennis, Cincinnati, OH, for defendants-appellees.

Before: KENNEDY and SILER, Circuit Judges; and BROWN, Senior Circuit Judge.

PER CURIAM.

Plaintiff Sharon Cramblit challenges the district court's order denying her attorneys' fees under 42 U.S.C. § 1988. She claims the district court abused its discretion in holding that a "reasonable" fee in this case was no fee at all. For reasons stated hereafter, we AFFIRM.

### Background

Cramblit and her son, Samuel Cramblit, filed suit against Edward Fikse, Michael Hargis, Fikse Hay Sales, Inc., Ironton, Ohio Police Department (IPD) Detective Richard Kratzenberg, IPD Captain Rodney McFarland, IPD Patrolman Jerry Leach, Cabell County, West Virginia Deputy Sheriff Carroll Adams, Melba Adams, John Doe and Richard Roe. The last two defendants were unidentified police officers of the City of Huntington, West Virginia. The plaintiffs set forth the following causes of action against various defendants: unlawful search, false arrest and imprisonment, and conspiracy in violation of 42 U.S.C. § 1983, and state law claims for trespass, unlawful arrest, assault and battery, false imprisonment, infliction of emotional distress, and conspiracy.

Prior to trial, defendants John Doe and Richard Roe were dismissed as a result of the Cramblits' inability to identify them.

Defendant Hargis was also dismissed due to the Cramblits' failure to serve process on him. A jury trial commenced on August 29, 1991. At the close of the Cramblits' case, the court dismissed defendants Fikse Hay Sales, Inc., Melba Adams and Detective Kratzenberg. At the close of the defendants' case, the court determined that there was no evidence that a conspiracy existed between Hargis, Deputy Adams and Melba Adams. The court therefore limited plaintiffs' claims to Sharon Cramblit's § 1983 claim relating to a warrantless search of her home and to her son's claim of excessive force at the time of his arrest against Deputy Adams. The plaintiffs, however, chose not to proceed with the excessive force claim against Deputy Adams because of the court's ruling on a proposed jury instruction. Therefore, the only claim submitted to the jury was Sharon Cramblit's § 1983 claim for the unlawful search of her home.

The jury found Captain McFarland and Patrolman Leach liable for the unlawful search of Cramblit's home in violation of § 1983. The jury awarded nominal damages of $1.00 in compensatory damages and $1.00 in punitive damages. Cramblit then submitted her application requesting $59,705.00 in attorney's fees. At first, the court awarded her "token attorney fees" in the amount of $1,000.00. Upon reconsideration, however, the court decided that Cramblit had such limited success that no award of attorney's fees was appropriate, following *Farrar v. Hobby*, —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

### Discussion

■ A district court's award or denial of attorney's fees is reviewed for abuse of discretion. *Perotti v. Seiter*, 935 F.2d 761, 763 (6th Cir.1991).

■ The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, permits a court in its discretion to allow the "prevailing party" in a § 1983 action a "reasonable" attorney's fee as part of the costs. Therefore, in order to qualify under § 1988, a plaintiff must be a prevailing party. *Hobby*, —— U.S. ——, 113 S.Ct. at 572. Even a plaintiff who wins only nominal damages is a

prevailing party under § 1988. *Id.* at ——, 113 S.Ct. at 573. The parties to this appeal do not contest that Cramblit was a prevailing party as she received some relief on the merits of her claim.

■■■■ After a district court determines that a plaintiff is a prevailing party under § 1988, it must then determine what is a "reasonable" attorney's fee. Although the fact that a plaintiff was awarded only nominal damages does not affect the prevailing party inquiry, "it does bear on the propriety of fees awarded under § 1988." *Id.* at ——, 113 S.Ct. at 574. In determining the reasonableness of a fee award "the most critical factor . . . is the degree of success obtained." *Id.; Citizens Against Tax Waste v. Westerville City School,* 985 F.2d 255, 258 (6th Cir.1993). After considering the "amount and nature of damages awarded, the court may lawfully award low fees or no fees." *Hobby,* —— U.S. at ——, 113 S.Ct. at 575. Moreover, "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Id.*

■■■■ In this case, Cramblit argues that the court erred in holding that a "reasonable" fee was no fee at all. She claims that she had a great "degree of success" in the lower court because she did not ask for any specific monetary damages. Instead, her primary goal was to "vindicate her constitutional rights and prevent further constitutional violations."

Contrary to the implications of her brief, Cramblit's primary goal in the underlying § 1983 action was to obtain monetary damages. In fact, the prayer for relief section of her amended complaint pertains almost entirely to monetary damages. She requested that the court award:

(a) Compensatory damages against the defendants, jointly and severally, in an amount to be determined;

(b) Punitive damages against the defendants, individually, in an amount to be determined;

(c) Costs including attorney's; and

(d) Such other and further relief as the court deemed appropriate.

Further, her counsel stated the following in his closing argument to the jury at the damages hearing:

What does she want? She wants full and fair compensation for the damages she suffered. And she wants punitive damages in an amount that will send a message to Captain McFarland, to Patrolman Leach, that will tell them that they were wrong, that they shouldn't do this, that other people in the future shouldn't do this.

She wants full compensation, full and fair punitive damages. That's what she is entitled to. She wants nothing more. She deserves nothing less.

Likewise, in rebuttal to the closing argument of defendants' counsel, Cramblit's counsel stated:

Members of the jury, this is not a nominal damages case. . . . They invaded her privacy. They invaded her home. They caused her damages. We're not just talking loss of sleep. You heard her testify about what she was going through when they were at her house. It was proximately caused by the search of her house. She was suffering distress, and she can be compensated for that. She should be compensated for that. She's entitled to compensation for that.

The foregoing excerpts from the record clearly belie Cramblit's contention that her primary goal was the vindication of her constitutional rights rather than the recovery of monetary damages.

The award of nominal damages in this case "highlights the plaintiff's failure to prove actual, compensable injury." *Hobby,* —— U.S. at ——, 113 S.Ct. at 575. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* (citations omitted). As the award of nominal damages in this case indicates that Cramblit failed to prove actual, compensable injury, an essential element of her claim for monetary relief, the district court did not abuse its

discretion in finding that a reasonable attorney's fee was no fee at all.

**AFFIRMED.**