45 F.3d 430
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Tony BRIDGES, Plaintiff-Appellant,
v.
Orlinda MALLETT-GODWIN, Defendant-Appellee.
 Nos. 93-1755, 93-1843.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1994.
 
 Before: JONES and BATCHELDER, Circuit Judges; and BECKWITH, District Judge*.
 PER CURIAM.
 
 
 1
 Tony Bridges, the plaintiff in this prisoner civil rights action brought pursuant to 42 U.S.C. Sec. 1983, claims that defendant Orlinda Mallett-Godwin, a female prison guard, violated his Eighth Amendment right to be free from cruel and unusual punishment. Although the parties view many of the facts differently, Mallett-Godwin does not dispute Bridges's claim that Mallett-Godwin hit, bit and kicked him while he was being moved from his cell.[1]
 
 I.
 
 2
 Prior to trial, Bridges rejected Mallett-Godwin's $1,000.00 offer of judgment made pursuant to Fed.R.Civ.P. 68. The case proceeded to trial, and the jury found for Bridges but awarded him only $1.00 in damages. Pursuant to 42 U.S.C. Sec. 1988, Bridges sought costs in the amount of $1,318.53 and attorney's fees in the amount of $16,295.00. The district court judge awarded all of the costs but only $4,500.00 in attorney's fees. The district court made no specific findings regarding the amount of attorney's fees awarded. Bridges appeals and Mallett-Godwin counter-appeals.
 
 
 3
 Bridges claims on appeal (1) that the district court erred in reducing the award of attorney's fees without providing any reasons for the reduction, and (2) that he is entitled to an award of costs and fees incurred after Mallett-Godwin made her offer of judgment pursuant to Rule 68. Mallett-Godwin claims on appeal that the district court erred in awarding Bridges any amount in costs or attorney's fees. For the reasons which follow, we remand this case to the district court for further proceedings.
 
 II.
 
 4
 Attorney's fees are awardable under 42 U.S.C. Sec. 1988 to a "prevailing party" in an action brought under 42 U.S.C. Sec. 1983. First, Bridges maintains that because the jury found that Mallett-Godwin violated his Eighth Amendment rights, he is the prevailing party and therefore is entitled to his attorney's fees. Second, Bridges contends that if the district court reduces the fee amount that he seeks, the court must explain with specific findings. We hold that as to the second contention, Bridges is correct. "A district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1176 (6th Cir.1990).
 
 
 5
 Bridges's claim for attorney's fees as a prevailing party is somewhat more problematical. Both parties to this action cite the Supreme Court's plurality opinion in Farrar v. Hobby, 113 S.Ct. 566 (1992), but their interpretations of that opinion, and the concurring opinion of Justice O'Connor, differ markedly. In that case, the Supreme Court held that a plaintiff who received only nominal damages is a prevailing party under Sec. 1988, but that the de minimis nature of the nominal damages may require that such a plaintiff receive no attorney's fees. Id. at 575. Justice O'Connor agreed that such a plaintiff may not be entitled to fees, but set out three specific factors which courts should consider in determining whether an award of nominal damages is in fact de minimis. Id. at 576, 578.
 
 
 6
 Because the district court did not provide any reasons for finding that Bridges, who received only nominal damages on his Eighth Amendment claim, was entitled to an award of attorney's fees, we cannot adequately review the claim of Mallett-Godwin that the awarding of attorney's fees in any amount was erroneous. Accordingly, we remand this matter to the district court for specific findings under Farrar.
 
 
 7
 Finally, we turn to Bridges's claim that Rule 68 entitles him to an award of attorney's fees incurred after he rejected Mallett-Godwin's settlement offer of $1,000.00. The parties do not dispute that any attorney's fees incurred by Bridges prior to the offer of judgment and properly awarded by the court pursuant to Sec. 1988 should be included in calculating whether the final judgment exceeded Mallett-Godwin's offer. Rather, the dispute here is whether Bridges, independently of Sec. 1988, is entitled to an award of post-offer attorney's fees pursuant to Rule 68. We hold that he is not.
 
 Rule 68 provides:
 
 8
 At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer....
 
 
 9
 (Emphasis added).
 
 
 10
 Bridges has cited no authority, and we find none, which establishes Rule 68 as an independent source of attorney's fees for the party bringing the claim. The clear language of Rule 68 permits only the party defending against a claim to make an offer of judgment. The "offeree" therefore must be the party against whose claim the offer of judgment is made (in this case, the plaintiff). Further, the clear language of the Rule requires only that the offeree who obtains a final judgment that is not more favorable than the offer of judgment must pay the costs incurred after the offer of judgment was made. Nothing in that language suggests, much less requires, that the offeree is entitled to have his costs paid by the offeror if the final judgment is more favorable than the offer. Bridges's claim for post-offer attorney's fees based on Rule 68 is without merit.
 
 III.
 
 11
 For the foregoing reasons, we REMAND the case to the district court for further proceedings.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Mallett-Godwin claims that Bridges had grabbed her in a sexually threatening manner and that she reacted in self-defense. Bridges claims that he made contact with Mallett-Godwin by accident