**John HAMILTON, Plaintiff,**

v.

**Lawrence LOKUTA, individually, Defendant.**

**Civ. A. No. 91–73745.**

United States District Court,
E.D. Michigan,
Southern Division.

**Dec. 23, 1994.**

Michael L. Donaldson, Livonia, MI, for plaintiff.

Michael E. Rosati, Johnson, Rosati, Galica, Shifman, LaBarge, Aseltyne, Sugameli & Field, P.C., Farmington Hills, MI, for defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

GADOLA, District Judge.

A jury trial was held in this action on plaintiff Hamilton's claim that defendant Lokuta violated plaintiff's constitutional rights. The jury found in favor of plaintiff and awarded him $1.00 in compensatory damages and no punitive damages. Before the court is plaintiff's motion for attorney's fees pursuant to the provisions of the Civil Rights Attorney Fee Award Act of 1976, 42 U.S.C. § 1988.

### I. Facts

Plaintiff Hamilton is part owner of JO–BET, Inc. ("JO–Bet"), d/b/a Henry the VIII South ("Henry's"), a bar/entertainment club.

Henry's features, among other forms of entertainment, female dancers. Defendant Lawrence Lokuta was a detective lieutenant for the City of Southgate Police Department in 1991, when the events giving rise to this action took place.

On June 13, 1991, defendant, along with five officers from the city of Southgate, three officers from the Downriver Narcotics Unit, two Wyandotte officers and two Taylor officers, entered Henry's with several arrest warrants issued in the stage names of the dancers. The patrons of the bar, who included plaintiff Hamilton, were asked not to leave the bar while the officers conducted a search. The dancers named in the warrants were identified and arrested. The officers then brought in a narcotics dog to search the premises. Plaintiff Hamilton alleged that he was detained at the bar against his will while this search took place.

### II. Procedural History

On July 30, 1991, Hamilton and Jo–Bet filed this action against defendant Lokuta, pursuant to 42 U.S.C. § 1983. In the complaint, plaintiffs alleged that defendant had violated their right to be free of unreasonable searches and seizures under the Fourth and Fourteenth Amendments. In the complaint, plaintiffs requested that the court: (1) declare as unconstitutional the search and seizure of plaintiff John Hamilton's person and the premises of plaintiff Jo–Bet; (2) issue an injunction enjoining the defendant from carrying out this type of unlawful search and seizure in the future against plaintiffs; (3) award plaintiffs compensatory damages in excess of $50,000; (4) award attorney's fees, costs and disbursements pursuant to 42 U.S.C. § 1988; and (5) award such other relief that the court deems just. On June 15, 1992, defendant filed a motion for summary judgment and plaintiffs filed a motion for summary judgment. The court held that defendant did not violate the civil rights of either plaintiff and that defendant was entitled to qualified immunity. On September 30, 1992, this court granted defendant's motion for summary judgment and denied plaintiffs' motion for summary judgment. Plaintiffs filed a timely appeal to the Sixth Circuit on November 9, 1993 (Case No. 92–2361).

The Sixth Circuit affirmed this court's decision insofar as it related to the search of Jo-Bet's premises, but remanded the case for a trial on the issue of whether plaintiff Hamilton was subjected to an unreasonable seizure.

On August 9, 1994, a jury trial was held in this case. On August 11, 1994, the jury returned a verdict in favor of plaintiff. The jury awarded plaintiff $1.00 in compensatory damages and no punitive damages. Plaintiff now seeks attorney's fees in the amount of $30,922.50.

## III. Analysis

■■■■ The Civil Rights Attorney's Fees Award Act of 1976, as amended, 42 U.S.C. § 1988, provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

According to the statute, plaintiff must be the prevailing party in order to qualify for an award of attorney's fees. A plaintiff who wins nominal damages is a prevailing party under section 1988. *Farrar v. Hobby,* —— U.S. ——, ——, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992). In the instant case, Hamilton did win on the merits of his section 1983 claim and he did receive an award of $1.00. Therefore, plaintiff qualifies as a "prevailing party" under section 1988.

■■■ After determining that plaintiff is a prevailing party, the court must determine what is a "reasonable" attorney's fee in this case. The fact that a plaintiff was only awarded nominal damages "does bear on the propriety of fees awarded under section 1988." *Farrar,* at ——, 113 S.Ct. at 574. There are circumstances when "even a plaintiff who formally 'prevails' under section 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Id.* at ——, 113 S.Ct. at 575.

The instant case is similar to *Cramblit v. Fikse,* 33 F.3d 633 (6th Cir.1994), in which a jury determined that officers of the Ohio Police Department conducted an unlawful search of plaintiff's home and awarded plaintiff $1.00 in compensatory damages and $1.00 in punitive damages. The district court denied plaintiff's request for attorney's fees. The "most critical factor" in determining the reasonableness of an attorney's fees award is the "degree of success obtained." *Id.,* at 635 (quoting *Farrar,* —— U.S. at ——, 113 S.Ct. at 574). Plaintiff argued that she had a "great deal of success" because she had not asked for a specific amount of monetary damages and her primary goal was to "vindicate her constitutional rights." The Sixth Circuit disagreed, finding that plaintiff's request for damages and her counsel's argument to the jury explaining the nature of her injury, distress, indicated that her primary goal was the recovery of monetary damages. The Sixth Circuit upheld the district court's decision to deny plaintiff an award of attorney's fees under section 1988 because the award of nominal damages indicated that plaintiff failed to prove actual, compensable injury, an essential element of her claim for monetary relief. *Id.,* at 635.

In the instant case, as in *Cramblit,* plaintiff requested considerable monetary damages and was only awarded $1.00 in compensatory damages and no punitive damages. During opening argument, Hamilton's counsel stated, "In the end, you will be asked to award damages for mental anguish, past, present and future, in the amount of $75,000." [1] Plaintiff's counsel also requested $25,000 in punitive damages. During opening argument, plaintiff's counsel described extensively the mental anguish allegedly suffered by plaintiff Hamilton. During closing argument, plaintiff's counsel stated, "I know I am asking for a lot of money." Counsel then described how "Mr. Hamilton has testified about his mental anguish" and the magnitude of this injury. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Cramblit,* 33 F.3d at

---

1. During closing argument, plaintiff's counsel decreased the amount he requested as compensatory damages to $19,800. The request for $25,000 in punitive damages was not decreased.

635 (quoting *Farrar v. Hobby*, —— U.S. at ——, 113 S.Ct. at 575). The jury's award of $1.00 in compensatory damages and no punitive damages indicates that plaintiff was unable to prove actual, compensable injury. *Cramblit,* 33 F.3d at 635.

Hamilton argues that the instant case is distinguishable from *Cramblit,* because Hamilton requested and received a jury instruction on nominal damages. However, a jury instruction on nominal damages does not alter the fact that plaintiff sought significant compensatory and punitive damages and was unable to prove actual, compensable injury.

■ For further analysis, the court turns to the three factors suggested by Justice O'Connor for determining whether an award of attorney's fees is warranted when a plaintiff recovers only nominal damages.[2] *Farrar,* —— U.S. at ——, 113 S.Ct. at 578 (O'Connor, J. concurring). The three factors are: (1) the difference between the judgment recovered and the recovery sought, (2) the significance of the legal issue on which the plaintiff prevailed and (3) the public purpose served by the litigation. *Farrar,* —— U.S. at ——, 113 S.Ct. at 578 (O'Connor, J. concurring). The Seventh Circuit provided extensive analysis of these three factors in *Maul v. Constan,* 23 F.3d 143 (7th Cir.1994) (held that district court abused its discretion in awarding attorney's fees to plaintiff who recovered only nominal damages).

The first factor is the difference between the amount requested and the amount received. This factor is the most important. *Maul,* at 145; *Cramblit,* at 635. As already discussed, the difference between the jury award and the amount requested in the instant case is significant. Therefore, this factor militates against an award of attorney's fees in this case.

The second factor considers the significance of the legal issue on which plaintiff prevailed. In *Maul,* the court found that the administration of drugs against plaintiff's wishes was a significant constitutional question. In the instant case, plaintiff established that he was unreasonably detained at his bar while the police instituted a constitutional search of the bar. The question of an unreasonable seizure is a significant constitutional issue. However, this factor is the least important of the three. *Maul,* at 146.

■ The third factor considers the public purpose served by plaintiff's suit. All section 1983 claims seek to redress deprivation of Constitutional rights. Therefore, to satisfy this factor, plaintiff must do more than establish that his constitutional rights have been infringed. *Maul,* at 146. In *Maul,* the Seventh Circuit found that plaintiff did not satisfy this factor because he had filed suit with the primary purpose of remedying his own injuries and not establishing the rights of inmates generally. Plaintiff made no claim of representing a class of inmates similarly victimized or that defendants had engaged in a pattern of violating the rights of inmates. Further, the relief required by the plaintiff sought only to redress plaintiff's own injuries because he requested compensation for his own injuries and an injunction only to prevent defendants from administrating the drugs to plaintiff. Similarly, in the instant case, the complaint requested that the court declare unconstitutional the search and seizure of plaintiffs Hamilton and Jo–Bet. Further, the complaint requested an injunction to prevent defendant from carrying out "this type of unlawful search and seizure in the future against the Plaintiffs [Hamilton and Jo–Bet]." The compensatory damages requested were for the injuries of plaintiffs. An award of punitive damages would provide "strong evidence of a public purpose." *Maul,* at 146. However, in the instant case, plaintiff received no punitive damages. Under these circumstances, the court finds that plaintiff Hamilton has not shown that this action has served any public purpose beyond establishing a section 1983 violation.

■ Having considered the three factors set forth by Justice O'Connor in *Farrar,* —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) and the decision of the Sixth Circuit in *Cramblit,* 33 F.3d 633 (6th Cir.1994), the court finds that plaintiff's request for attor-

---

**2.** Justice Thomas wrote the majority opinion in *Farrar.* Justice O'Connor was one of the four justices who joined with him to create the majority.

ney's fees should be denied. The difference between the judgment sought and obtained was great and the public purpose of the litigation was minimal. Therefore, an award of attorney's fees is not appropriate in this case.

## ORDER

Therefore, it is hereby **ORDERED** that plaintiff's motion for attorney's fees is **DENIED**.

**SO ORDERED.**