Arthur Ray BOWLING, et al.,
Plaintiffs–Appellees,

Jeffrey A. Crane, Gene Randall, Gerard
Benedik, Intervenors–Appellants
(96–3568)/Cross–Appellees,

Stanley M. Chesley, Waite, Schneider,
Bayless & Chesley Company, L.P.A.,
John T. Johnson, Johnson & Dylewski,
James T. Capretz, Capretz & Radcliffe,
Brian R. Magana, Magana, Cathcart &
McCarthy, Charles M. Wolfson, Cross–
Appellants (96–3744)/Appellees,

Sidkoff, Pincus & Green, P.C., Wapner,
Newman & Wigrizer, Appellants (95–
4054; 96–3774)/Cross–Appellants (96–
3740)/Appellees,

Elizabeth W. Ridgeway, et al., on behalf of
themselves and as representatives on be-
half of the Pennsylvania Class Objec-
tors, Appellants (94–4322; 95–4054)/
Cross–Appellees,

v.

PFIZER, INC., Shiley, Inc.,
Defendants–Appellees.

Nos. 94–4322, 95–4054, 96–3568, 96–
3740, 96–3744 and 96–3774.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 13, 1996 in Nos.
94–4322, 95–4054.

Argued Nov. 19, 1996 in Nos. 96–3568,
96–3740, 96–3744 and 96–3774.

Decided Dec. 12, 1996.

Stanley M. Chesley (argued and briefed), Fay E. Stilz, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, for Arthur Ray Bowling in Nos. 94–4322 and 95–4054.

Stanley M. Chesley (argued and briefed), Waite, Schneider, Bayless & Chesley, Cincinnati, OH, for Arthur Ray Bowling in Nos. 96–3568 and 96–3774, Waite, Schneider, Bayless & Chesley Company, L.P.A. and Stanley M. Chesley in Nos. 96–3568, 96–3740, 96–3744 and 96–3774, Brian R. Magana and Magana, Cathcart & McCarthy in No. 96–3568.

Morton B. Wapner, Wapner, Newman & Associates, Philadelphia, PA, Larry M. Keller, Gary Green (argued and briefed), Sidkoff, Pincus & Green, Philadelphia, PA, for Elizabeth W. Ridgeway, Rosemary Grunsby, Fred Grunsby in Nos. 94–4322 and 95–4054.

Larry M. Keller, Gary Green (argued and briefed), Sidkoff, Pincus & Green, Philadelphia, PA, for Sidkoff, Pincus & Green, P.C. in Nos. 95–4054, 96–3568, 96–3740 and 96–3744, Wapner, Newman & Wigrizer in No. 96–3568.

Elliot Polanieki, Cincinnati, OH, Larry M. Keller, Gary Green (briefed), Sidkoff, Pincus & Green, Philadelphia, PA, for Sidkoff, Pincus & Green, P.C. in No. 96–3774.

Morton B. Wapner, Wapner, Newman & Associates, Philadelphia, PA, for Wapner, Newman & Wigrizer in No. 95–4054.

Morton B. Wapner, Wapner, Newman & Associates, Philadelphia, PA, Gary Green (argued), Sidkoff, Pincus & Green, Philadelphia, PA, for Wapner, Newman & Wigrizer in Nos. 96–3740, 96–3744 and 96–3774.

William H. Hawkins, II (briefed), James R. Adams, Frost & Jacobs, Cincinnati, OH, David Klingsberg (argued), Kaye, Scholer, Fierman, Hays & Handler, New York City, for Pfizer, Inc. and Shiley, Inc. in Nos. 94–4322 and 95–4054.

William H. Hawkins, II, James R. Adams, Frost & Jacobs, Cincinnati, OH, for Pfizer, Inc. and Shiley, Inc. in Nos. 96–3740, 96–3744 and 96–3774.

Paul A. Levy, Brian Wolfman, Public Citizen Litigation Group, Washington, DC, for Jeffrey A. Crane, Gene Randall, Gerard Benedik in No. 96–3568.

Brian Wolfman (argued and briefed), Public Citizen Litigation Group, Washington, DC, for Jeffrey A. Crane, Gene Randall, Gerard Benedik in Nos. 96–3740, 96–3744 and 96–3774.

John T. Johnson, Johnson & Dylewski, Houston, TX, for John T. Johnson and Johnson & Dylewski in Nos. 96–3568, 96–3740, 96–3744 and 96–3774.

James T. Capretz, Capretz & Radcliffe, Newport Beach, CA, for James T. Capretz, Capretz & Radcliffe in Nos. 96–3568, 96–3740, 96–3744 and 96–3774.

Charles M. Wolfson (argued), Wolfson Law Offices, Avalon NSW 2107, Australia, for Charles M. Wolfson in Nos. 96–3568, 96–3740, 96–3744 and 96–3774.

James R. Adams, Frost & Jacobs, Cincinnati, OH, David Klingsberg, Kaye, Scholer, Fierman, Hays & Handler, New York City, for Pfizer, Inc. in No. 96–3568.

David Klingsberg, Kaye, Scholer, Fierman, Hays & Handler, New York City, for Shiley, Inc. in No. 96–3568.

Mary Griffin (briefed), Consumers Union of the U.S., Inc., Washington, DC, for amicus curiae Consumers Union of the U.S., Inc. in Nos. 96–3568, 96–3740, 96–3744 and 96–3774.

Before: MARTIN, Chief Judge; KRUPANSKY and DAUGHTREY, Circuit Judges.

BOYCE F. MARTIN, Jr., Chief Judge.

Four hundred years ago William Shakespeare observed that lawyers "dream on fees." During the ensuing centuries, few lawyers, even in their wildest dreams, have

envisioned fees such as those that have resulted from mass tort litigation.[1]

Three separate parties in this heart-valve implant class action appeal district court orders relating to an award of fees to class and special counsel. Intervenors, who are absent class members, appeal the district court's denial of a motion to compel discovery of class counsel's fee-sharing agreements with special counsel. Class counsel cross-appeals the district court's award of attorneys' fees as insufficient. The Pennsylvania Class Objectors, another group of claimants composed of Elizabeth Ridgeway, Rosemary Grunsby, and Fred Grunsby, as well as the law firms of Sidkoff, Pincus & Green, P.C., and Wapner, Newman & Wigrizer, also appeal from the district court's order awarding attorneys' fees and expenses to class and special counsel.

These appeals arise out of a worldwide class-action settlement involving an allegedly defective heart valve implant. In 1992, a settlement agreement was reached between class counsel and the defendants. Although numerous objections to that settlement were filed, most of the objections were withdrawn before the district court approved the settlement. Prior to the district court's approval of the settlement, class counsel filed a motion to have several of the formerly objecting attorneys appointed as special counsel to class counsel. The district court approved the appointment, and the newly appointed special counsel subsequently entered into fee-sharing agreements with class counsel. The intervenors brought a motion to compel discovery of the fee-sharing agreements that remain undisclosed. The district court denied the motion.

In the meantime, class counsel filed a fee application in district court seeking $33 million in attorneys' fees. After removing himself from the attorneys' fees portion of the case, the original judge transferred the case to an out-of-circuit senior district judge. On March 1, 1996, after conducting a hearing on the attorneys' fees issue, the court awarded class and special counsel $10.25 million in

attorneys' fees and $476,938.06 in expenses from the settlement's medical and psychological, patient benefit, and spousal compensation funds to be split among the attorneys on a *pro rata* basis. *Bowling v. Pfizer*, 922 F.Supp. 1261 (S.D.Ohio 1996), *amended by* 927 F.Supp. 1036 (S.D.Ohio 1996). The court also recognized class and special counsels' continuing obligations to the class and ordered that those attorneys be permitted in the future to apply annually for additional fees and expenses in an amount not to exceed 10% of the annual $6.25 million payments to be made to the common funds by Pfizer and Shiley. The district court also granted $105,-037.46 in fees and expenses to Public Citizen, Inc., but denied all other fee and expense requests.

Class and special counsel subsequently filed a motion to reconsider, alter, and amend the district court judgment. In an order entered on May 28, 1996, the district court denied that motion in part, but did increase the award of expenses to the attorneys by $75,344.10.

## I

We review a district court's award or denial of attorneys' fees for an abuse of discretion. *Cramblit v. Fikse*, 33 F.3d 633, 634 (6th Cir.1994). It is within the district court's discretion to determine the "appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Rawlings v. Prudential–Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir.1993). The district court's award of attorneys' fees in common fund cases need only be "reasonable under the circumstances." *Id.* The Pennsylvania class objectors and class counsel separately contest the district court's award of attorneys' fees. After careful scrutiny of the alleged errors referenced by class counsel, we find that the district court did not abuse its discretion in its award of attorneys' fees.

---

**1.** *In re A.H. Robins Co.*, 86 F.3d 364, 367 (4th Cir.1996) (citing Romeo and Juliet, Act 1, Scene 4).

The district court based its fee award on a percentage of the common fund and then cross-checked the fee against class counsel's lodestar. Applying this methodology, the district court awarded class and special counsel 10% of the $102.5 million that has been paid into the common fund to date,[2] an immediate award of $10.25 million plus expenses. In addition, class and special counsel could receive up to $6.25 million more over the next ten years because the district court permitted class and special counsel to petition for up to 10% of the $6.25 million annual payments set to be paid into the Patient Benefit Fund over the next 10 years. In determining whether this was a reasonable award, the district court examined the following six factors, stressing the first two as the most important:

(1) the value of the benefit rendered to the plaintiff class . . .;

(2) the value of the services on an hourly basis;

(3) whether the services were undertaken on a contingent fee basis;

(4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

(5) the complexity of the litigation; and

(6) the professional skill and standing of counsel involved on both sides.

*Bowling*, 922 F.Supp. at 1280 (citing *Rawlings*, 9 F.3d at 516–17). As to the first factor, the district court, while recognizing that the settlement offered substantial benefits beyond the common fund, found that the *present* value was less than $165 million but indisputably exceeded $100 million. In calculating the value of services provided, the district court assumed that class and special counsel were entitled to compensation for every hour and expense listed by them and arrived at a unadjusted lodestar total of $4,945,022.42, an amount the court recognized as not commensurate with class and special counsel's $33 million fee request, even considering that the lodestar does not include services to be provided in the future. The district court then found that the case had

been taken on a contingent fee basis, but was not persuaded by counsel's contention that the case was undesirable when undertaken. Furthermore, although the court stated that class counsel did make a substantial investment of time and expenses when risk of nonrecoupment was still present, the early settlement and its approval significantly reduced the risk dramatically, and there was no contingency associated with future work in this case.

As to the last two factors, the court noted that the litigation was complex and the skill and standing of counsel was indeed high. The court also recognized that the quickness in which the result was obtained and the economies of scale involved in a class action of this size suggested that an award of 20% of the fund, *i.e.* $33 million, would be excessive.

These are the findings that provided the basis for the district court's award of attorneys' fees. The district court, in a thoroughly reasoned order, used the discretion granted it under *Rawlings* to determine an appropriate methodology and applied the *Rawlings* factors to ascertain a reasonable fee award. The fee is, at the very least, reasonable. Accordingly, we find that the district court did not abuse its discretion in its fee award to class and special counsel.

## II

■■■ The intervenors also appeal the district court's denial of their motion to compel disclosure of the fee-sharing agreements between class and special counsel. "[W]e review discovery matters under an abuse of discretion standard." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989). The magistrate, in reviewing the motion to compel disclosure of the agreements, balanced conflict of interest concerns "against the fact that it is the district judge

---

**2.** The $102.5 million figure represents the amount of deposits which have been made by the defendants to date: $12.5 million in the Patient

Benefit Fund, $80 million in the Medical and Psychological Consultation Fund, and $10 million in the Spousal Compensation Fund.

who will determine the fee amount" and found that it was appropriate to compel disclosure "to the district judge the fee information sought, but premature to decide who else, if anyone, should also see that information." The district court upheld the magistrate's ruling and denied the intervenor's motion, stating that it "will not become involved in how the counsel and court-appointed special counsel divide the total fee award."

Rule 26(b)(1) provides the general rule regarding the scope of discovery: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." FED.R.CIV.P. 26(b)(1). Because the district court, utilizing the factors addressed in the fee award discussion above, granted a percentage fee to both class counsel and special counsel, it is not entirely clear that the agreements are relevant to the district court's fee award decision. The district court examined the work performed by class and special counsel and the value their work conferred upon the class. Thus, the district court decided exactly what that group of attorneys' work was worth and then awarded a fee commensurate with that worth. How special counsel and class counsel ultimately divide that fee among themselves appears to be irrelevant. As long as class and special counsel are paid only what their collective work is worth, their distributions among themselves, even if done in a manner unrelated to the services a particular counsel has performed for the class, will in no way harm the class or negatively impact the fund from which the class's benefit is measured.[3]

Contrary to the intervenors' assertions, *In re "Agent Orange" Product Liability Litigation*, 818 F.2d 216 (2d Cir.), *cert. denied*, 484 U.S. 926, 108 S.Ct. 289, 98 L.Ed.2d 249 (1987), does not require discovery of these agreements. Although *Agent Orange* does indeed stress the need to have these agreements disclosed, it only required that "in all

future class actions counsel must inform the *court* of the existence of a fee sharing agreement at the time it is formulated." *Id.* at 226 (emphasis added). In doing so, the Second Circuit explained that "[o]nly by reviewing the agreement prospectively will the district courts be able to prevent potential conflicts from arising." *Id.* Thus, the Second Circuit did not address disclosure of these agreements to the other parties involved, and it certainly did not require such disclosure. Accordingly, the district court, given the questionable relevance of the fee arrangements, did not abuse its discretion in requiring only *in camera* disclosure of the agreements. We do not rule out the possibility, however, that a different manner of determining fees in subsequent fee applications might warrant disclosure of the agreements.

Accordingly, we affirm the district court's award of attorneys' fees and its denial of the motion to compel discovery of the fee-sharing agreements between class and special counsel.

---

3. We note, however, that these agreements are only "irrelevant" because the settlement has already been approved and only the propriety of the fee award is before the Court. These agreements should certainly raise questions at the settlement approval stage. The risk that counsel has in some way been "bought off" and provided with a significant incentive to not represent the class's interest would clearly make these agreements relevant at that settlement stage of the proceedings. The settlement stage has passed, however, and the only question before this Court concerns the appropriateness of the district court's fee allocation.