110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony BRIDGES, Plaintiff-Appellant,
v.
Orlinda MALLETT-GODWIN, Defendant-Appellee.
 No. 96-1117.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1997.
 
 Before: SILER and BATCHELDER, Circuit Judges; HULL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Tony Bridges, appeals a post-judgment order determining that he is not entitled to an award of attorney's fees and requiring his counsel to return fees previously awarded against defendant, Orlinda Mallett-Godwin. The issue on appeal is whether Bridges is entitled to attorney's fees following an award of nominal damages in light of the Supreme Court's decision in Farrar v. Hobby, 506 U.S. 103 (1992). For reasons stated herein, we AFFIRM.
 
 I.
 
 2
 Bridges brought a prisoner civil rights action under 42 U.S.C. § 1983, claiming that Mallett-Godwin, a female prison guard, violated his Eighth Amendment right to be free from cruel and unusual punishment. Although the parties have conflicting versions of the facts, Mallett-Godwin does not dispute Bridges's claim that she hit, bit and kicked him while he was being moved from his cell. Yet, she maintains that Bridges grabbed her in a sexually threatening manner and that she acted in self defense. Bridges claims that any bodily contact with Mallett-Godwin was inadvertent.
 
 
 3
 Prior to trial, Bridges, at the district court's suggestion, agreed to settle his claim for $2500, all inclusive. Mallett-Godwin declined and later made a $1000 offer of judgment pursuant to Federal Rule of Civil Procedure 68. Bridges rejected this offer. The case proceeded to trial, and the jury found for Bridges, but awarded him only $1.00 in damages. Pursuant to 42 U.S.C. § 1983, Bridges sought costs in the amount of $1318.53 and attorney's fees in the amount of $16,295.00. The district court awarded all of the costs but only $4500 in attorney's fees. It made no specific findings regarding the amount of attorney's fees awarded. Bridges appealed and Mallett-Godwin counter-appealed.
 
 
 4
 On appeal, this court held that the lower court should have stated which of the claimed hours it rejected, which it accepted, and why. As the district court did not explain why it awarded fees to Bridges in spite of the fact that he received only nominal damages, the Sixth Circuit remanded the matter to the district court "for specific findings under Farrar." Bridges v. Mallett-Godwin, 45 F.3d 430 (Table), 1994 WL 714332, at * 2 (6th Cir. Dec. 22, 1994).
 
 
 5
 On remand, a magistrate judge recommended that the district court find that Bridges's $1.00 award was de minimis and that he was, thus, not entitled to any award of attorney's fees. The magistrate judge further recommended that the district court order Bridges's counsel to return the attorney's fees which he had already received. The district court adopted the magistrate judge's recommendation.
 
 II.
 
 6
 This court reviews a district court's award or denial of attorney's fees for abuse of discretion. Cramblit v. Fikse, 33 F.3d 633, 634 (6th Cir.1994) (citing Perotti v. Seiter, 935 F.2d 761, 763 (6th Cir.1991)).
 
 III.
 
 7
 In 42 U.S.C. § 1988, Congress provided that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs" in claims brought under 42 U.S.C. § 1983. It is undisputed in this case that Bridges is a prevailing party and is, thus, eligible for attorney's fees.
 
 
 8
 Once a district court determines that a plaintiff is a prevailing party, it must then ascertain what is a "reasonable" attorney's fee given the facts of the case. Fikse, 33 F.3d at 635. Bridges maintains that the district court should consider three factors in considering the reasonable amount of attorney's fees that should be granted when nominal damages have been awarded: 1) the extend of the relief granted, i.e., the difference between the amount recovered and the damages sought; 2) the significance of the legal issue; and 3) the public purpose served by the litigation. The latter two considerations are discussed in Justice O'Connor's concurring opinion in Farrar.
 
 
 9
 While the fact that a plaintiff was awarded only nominal damages does not affect the prevailing party inquiry, " 'it does bear on the propriety of fees awarded under § 1988.' " Fikse, 33 F.3d at 635 (quoting Farrar, 506 U.S. at 114). Such a fact is the "most critical factor" in determining the reasonableness of a fee award. Id. Furthermore, this court has noted that "in some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." Id. (quoting Farrar, 506 U.S. at 115). "When a plaintiff recovers only nominal damages because of his failure to prove an essential element for monetary relief, the only reasonable fee is usually no fee at all." Farrar, 506 U.S. at 115.
 
 
 10
 Bridges admits that his award was nominal; however, he notes that "not ... all nominal damages awards are de minimis." Farrar, 506 U.S. at 121 (O'Connor, J., concurring). "[A]n award of nominal damages can represent a victory in the sense of vindicating rights even though no actual damages are proved." Id. Furthermore, he attempts to distinguish his case from both Farrar and Fikse. He argues that, unlike his case, Farrar and Fikse involved plaintiffs whose primary objectives were compensation and damages awards. He also latches onto Justice O'Connor's concurring opinion in Farrar and submits that the jury's finding that Mallett-Godwin had violated the Eighth Amendment involved an important issue and served an important public purpose.
 
 
 11
 Nevertheless, the district court denied Bridges's counsel attorney's fees because it found that, according to Farrar, the $1.00 award that Bridges received was de minimis. Specifically, it found that the extent of the relief granted was "nothing more than a token award of nominal damages" and that Bridges's victory "was merely technical." Furthermore, without determining the relevance of the final two O'Connor criteria, it opined that "this matter is not one which implicates the public interest and it does not raise important legal concerns." Piercing the Eighth Amendment veil, the district court found that the case merely "litigated whether the defendant female prison guard used excessive force against the male plaintiff, a prison inmate, by striking and biting the plaintiff after he had allegedly touched her vagina. This matter is not one which ... raise[s] important legal concerns." Accordingly, the court denied all attorney's fees.
 
 
 12
 Although Bridges has espoused numerous arguments indicating that a district court could have, and perhaps should have, granted him attorney's fees, he has failed to show that the district court abused its discretion in denying him such an award.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation