**Robert O. DAUGHENBAUGH, Plaintiff,**

v.

**CITY OF TIFFIN, et al., Defendants.**

No. 3:96CV7226.

United States District Court,
N.D. Ohio,
Western Division.

Oct. 29, 1998.

Zach Zunshine, Law Offices of Zach Zunshine, Columbus, OH, for Robert O. Daughenbaugh.

Teresa L. Grigsby, Joan C. Szuberla, Spengler & Nathanson, Toledo, OH, for City of Tiffin, Michelle Craig, Charles W. Boyer.

Mark D. Landes, Isaac, Brant, Ledman & Teetor, Columbus, OH, for James Jarrett.

**Order**

CARR, District Judge.

This is a civil rights case in which plaintiff claims that police officers illegally entered his garage. This court has jurisdiction pursuant to 28 U.S.C. § 1331. Pending is plaintiff's motion for attorney's fees. (Doc. 70). For the following reasons, plaintiff's motion is denied.

Plaintiff sought a declaratory judgment that his civil rights were violated, compensatory damages, punitive damages, attorney's fees, and any other relief deemed appropriate. I granted defendants' motion for summary judgment on the grounds that there was no constitutional violation. (Doc. 58). On appeal, the Sixth Circuit affirmed, finding that the defendants had qualified immunity. The Sixth Circuit noted, however, that there had been a constitutional violation.[1]

---

1. Plaintiff claims that the observation of the Sixth Circuit is the equivalent of a declaratory judgment and that he is a "prevailing party" for the purposes of 42 U.S.C. § 1988. I do not agree. The Supreme Court addressed this issue in *Hewitt* and held that

in essence ... the Court of Appeals expressed its view on the constitutional rights before, rather than after, it had become apparent that the issue was irrelevant to the case. There is

no warrant for having status as a "prevailing party" depend on the essentially arbitrary order in which district courts or courts of appeals choose to address issues.
*Hewitt v. Helms,* 482 U.S. 755, 762, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). All four dissenters in *Hewitt* agreed that the statement of the Court of Appeals was not a declaratory judgment, stating that "it is plain from the language of the first opinion of the Court of Appeals that it was not

Plaintiff then sought attorney's fees under 42 U.S.C. § 1988, which provides in relevant part: "In any action or proceeding to enforce a provision of [§ 1983], the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." A prevailing party is one who receives "at least some relief on the merits of his claim." *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). Here, as in *Hewitt*, plaintiff has received no damage award, no injunction, and no declaratory judgment. Nor did plaintiff obtain "relief without benefit of a formal judgment—for example, through a consent decree or settlement." *Id.* As in *Hewitt*, plaintiff obtained "the moral satisfaction of knowing that a federal court concluded that his rights had been violated." *Id.* at 762, 107 S.Ct. 2672. I find plaintiff's case indistinguishable from *Hewitt*. Plaintiff was not a prevailing party and accordingly, I deny plaintiff's motion.[2] *See also Cameron v. Seitz*, 38 F.3d 264, 276 (6th Cir.1994) (holding that plaintiffs could not recover attorney's fees because plaintiffs were not prevailing parities where defendant, a judge, was entitled to qualified immunity).

For the foregoing reasons, it is hereby

ORDERED THAT plaintiff's motion for attorney's fees (Doc. 70) be, and hereby is, denied.

So Ordered.

---

entering judgment for the respondent." *Id.* at 766, 107 S.Ct. 2672 (Marshall, J. dissenting).

**2.** Plaintiff's prayer for relief is virtually identical to that found in *Cramblit v. Fikse*, 33 F.3d 633, 635 (6th Cir.1994). In *Cramblit*, plaintiff was a prevailing party because she proved that a search of her home violated her civil rights and received an award of nominal damages. *Id.* Plaintiff obtained relief on the merits of her claim, but nonetheless, was not entitled to attorney's fees. *Id.* If qualified immunity had not been available here, plaintiff still might have fared no better than the plaintiff in *Cramblit* and attorney's fees would still be unavailable.

Perhaps this case will make clear to plaintiff why he must actually prevail on the merits of his claim in order to be entitled to attorney's fees. I must be able to measure plaintiff's success in order to determine whether plaintiff is entitled to attorney's fees. If qualified immunity prevents plaintiff from getting relief on the merits of his claim, then I may not speculate as to what kind of relief plaintiff would have gotten on the merits. That is why § 1988 has a prevailing party requirement—to reward actual and not speculative success.