RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 05a0082p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: SULZER ORTHOPEDICS, INC.

_____

WEITZ & LUXENBERG, P.C. (03-4155); LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS (03-4156), *Appellants,*

*v.*

SULZER ORTHOPEDICS, INC., et al., *Appellees.*

Nos. 03-4155/4156

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 01-09000—Kathleen McDonald O'Malley, District Judge.

Argued: September 23, 2004

Decided and Filed: February 22, 2005

Before: MARTIN, COLE, and GIBBONS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Glenn Zuckerman, WEITZ & LUXENBERG, New York, New York, Janet G. Abaray, LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS, Cincinnati, Ohio, for Appellants. **ON BRIEF:** Glenn Zuckerman, WEITZ & LUXENBERG, New York, New York, Janet G. Abaray, Gregory A. Keyser, LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS, Cincinnati, Ohio, for Appellants.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. The law firms of Weitz & Luxenberg and Lopez, Hodes, Restaino, Milman & Skikos separately appeal the amount of attorney fees awarded to them by the district court in connection with their efforts to confer a "Common Benefit" to the plaintiff class in a multi-district litigation class action settlement. Because the firms present similar arguments based on the same opinion of the district court, we have consolidated their appeals. For the reasons that follow, we AFFIRM the awards.

1

I.

In December of 2000, Sulzer Orthopedics, Inc., issued a recall of certain of its hip implants, which were determined to be defective.  Shortly thereafter, more than thirteen hundred civil actions were filed across the United States.  Thirty of those actions were consolidated and transferred as a class action to the United States District Court for the Northern District of Ohio.  Sulzer settled with the certified class and the settlement agreement was approved by the district court.  The settlement agreement included an award of attorney fees in the amount of thirty-two per cent of the settlement fund, which was approximately $1 billion.  In addition, the agreement reserved an additional $50 million for the payment of Common Benefit Attorney Fee Awards.  Payments from this Common Benefit Fund were to be awarded to attorneys who had "contributed to the creation of the Settlement Trust through work devoted to th[e] 'common benefit' of Class Members, including any attorney who reasonably believe[d] that he or she actually conferred benefits upon the Class Members as a whole through state court litigation, subject to determination by the Court."  Both Weitz & Luxenberg and Lopez, Hodes were among the firms and individual attorneys that worked for the benefit of the class in effectuating the settlement agreement.  The firms, along with all of the other Common Benefit attorneys, were ordered to submit applications for reimbursement for "Common Benefit Fees" and/or "Common Benefit Expenses."

The district court received fifty-seven applications, including the applications of Weitz & Luxenberg and Lopez, Hodes, for reimbursement of fees.  The court's order of June 12, 2003, awarded a total of $30,232,300 in fees and authorized an additional $12,650,000 in potential fee awards.  The remainder of the $50 million was to be held by the Claims Administrator for expenses of administration.  The court provided a detailed summary of its methods of calculating reasonable attorney fees and ordered any dissatisfied attorney or firm to request a specific summary of the court's analysis for a particular fee award. Weitz & Luxenberg and Lopez, Hodes were among three firms that appealed the award and requested a specific summary.  We now consider their appeals in light of the district court's order and its subsequent specific summary of the basis for their fee awards.

II.

We review a district court's award or denial of attorney fees for an abuse of discretion. *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6th Cir. 1996) (citing *Cramblit v. Fikse*, 33 F.3d 633, 634 (6th Cir. 1994)).  "It is within the district court's discretion to determine the 'appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before [it].'" *Id*. (quoting *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)).  The district court's award of attorney fees in common fund cases need only be "reasonable under the circumstances."  *Id*. (quoting *Rawlings*, 9 F.3d at 516).

III.

The firms make one similar argument on appeal.  The remaining arguments we will consider separately.  First, they challenge the district court's consideration of their receipt of contingency fees in reducing the award of attorney fees.  This challenge fails because  the settlement agreement explicitly authorized the district court to consider contingency fees, which were paid out of the Settlement Trust, in awarding attorney fees.  The agreement provides that "[t]he Court shall consider, among other factors, any contingent fee paid to a Common Benefit Attorney."   In exercising this authority, the court explained that

the partial payment by the Settlement Trust of contingent fees owed by certain class members to their attorneys is not only a benefit to those class members, it is also a

monetary recognition that the attorneys' general efforts, and/or advice to their clients to participate in the settlement agreement, provided a common benefit to the entire class. Thus, an attorney's receipt of contingent fee payments out of the settlement trust, rather than out of an award to his individual client, must be a factor in the assessment of that attorney's common benefit fee award.

The firms cannot now appeal the terms of the settlement, and they have no basis to challenge the reasonableness of the district court's exercise of its explicit authority. The firms' first argument is therefore without merit.

### a.       Additional Arguments by Weitz & Luxenberg

Weitz & Luxenberg also contests the district court's use of a uniform hourly rate that does not account for variable market rates. The court established a uniform rate out of necessity. It explained:

Because the hourly rates submitted by attorneys of the same experience varied substantially, the Court "equalized" the attorneys' lodestar calculations by substituting the following hourly rates, depending on years of practice: 1-5 years, $200/hour; 6-9 years, $300/hour; 10-14 years, $400/hour; and 15 years and over, $500/hour.

The recalculation worked to reduce the hourly rate of one-sixth of the applicants, including Weitz & Luxenberg, for common benefit fees. The firm states that its hourly rate was reduced by twenty-seven per cent..

The firm argues that the district court had no authority to impose a uniform rate because market rates create great variance among the rates of common benefit attorneys. The firm's objection might be appropriate here if the court had employed a rigid formula. However, the district court made it clear that it based its awards on the totality of the circumstances, in order to "reflect accurately the common benefit each applicant conferred upon the plaintiff class relative to each other applicant." Indeed, we believe that the district court acted reasonably under the circumstances, and its application of both the lodestar method and the percentage of the fund method ensures that Weitz & Luxenberg's contributions, which inherently reflect its market value, were reasonably considered. The holistic and reasonable nature of the court's analysis overcomes the firm's challenge. *See Rawlings*, 9 F.3d at 517 ("In this circuit, we require only that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances.") (citing *Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir. 1983)).

### b.       Additional Arguments by Lopez, Hodes

Lopez, Hodes makes two additional arguments: first, that the court erred in its assessment of the common benefit value of the firm's work, and second, that the court failed to articulate properly the basis for its reduced award.

The firm contends that its work in liability discovery against Sulzer prior to the consolidation of the action for multi-district litigation inured to the benefit of the class, because it was a material force in causing the settlement to be achieved, and was improperly discounted by the district court. The firm claimed a total of $1,810,695.20, based on 4,355 hours of work. The district court found that fifty percent of those hours were reasonable, and awarded a total fee of $905,347.60.

In its specific summary for this firm's attorney fee award, the district court explained its discount of the firm's pre-litigation efforts, stating that (1) "virtually all of the hours claimed by attorney Lopez were spent primarily for the benefit of a given individual plaintiff, or a smaller group

of plaintiffs, and not the entire class; (2) many of the hours listed seemed excessive for the task claimed; and (3) much of the time claimed for participating in conference calls, proofreading, and attending depositions, even if not overstated, did not yield a substantial common benefit." For these reasons, the court reduced the "hours worked" factor of the firm's lodestar calculation, as it did for thirty-three of the fifty-seven fee award applicants.

For each of the fee applicants, including Lopez, Hodes, the court's analysis was thorough, as it explained:

> The Court has spent a significant amount of time reviewing in detail the applications and supplements, the supporting documentation, the advice of the Common Benefit Attorney Fee Committee, and the objections and responses thereto. These materials fill about seven banker's boxes. In several instances, the Fee Committee corresponded with counsel, asking for an explanation of a claimed expense or fee. In a few instances, the Court wrote its own letters to the applicants, asking for clarification or explanation of the requests, or expressing concern about apparent violations of the Court's Guidelines. With the help of the Common Benefit Attorney Fee Committee, the Court examined virtually every entry listed in every Fee Application.

In addition, the district court, in a thoroughly reasoned order, used the discretion granted it under *Rawlings* to determine an appropriate methodology and applied the *Rawlings* factors to ascertain a reasonable fee award. The district court's award of attorney fees in common fund cases need only be "reasonable under the circumstances." *Rawlings*, 9 F.3d at 516. After careful scrutiny of the alleged errors referenced by the firms, we conclude that the district court did not abuse its discretion.

IV.

For the foregoing reasons, we affirm the district court's awards of attorney fees.