BRIAN A., by his next friend, Bobbi Jean Brooks; Tracy B., by her next friend, Pamela Pallas; Jack and Charles C., by their next friend, Linda Lloyd; Amy D., by her next friend, Frank Noon; Denise E., by her next friend, Linda Lloyd; Charlette F., by her next friend, Juanita Veasy; and Terry G., by her next friend, Carol Oldham, on their own behalf and on behalf of all others similarly situated, Plaintiffs–Appellees,

v.

George W. **HATTAWAY,** Commissioner of the Tennessee Department of Children's Services; Donald Sundquist, Governor of the State of Tennessee, Defendants–Appellants.

No. 02–5666.

United States Court of Appeals, Sixth Circuit.

Nov. 21, 2003.

David L. Raybin, Hollins, Wagster & Yarbrough, Nashville, TN, Marcia R. Lowry, Jeffrey K. Powell, Ira P. Lustbader, New York, NY, for Plaintiffs–Appellees.

Dianne Stamey Dycus, Asst. Attorney Gen., Douglas E. Dimond, Elizabeth C. Driver, Office of the Attorney General, Nashville, TN, for Defendants–Appellants.

Before MOORE and ROGERS, Circuit Judges; and FORESTER, District Judge.*

ROGERS, Circuit Judge.

The instant case arises out of a class action suit filed against the state of Tennessee on behalf of children in the custody of the Tennessee Department of Children's Services. The appellees, the plaintiffs below, alleged that Tennessee's foster care system violated the constitutional and statutory rights of the children in its care. The case was settled, and the settlement agreement explicitly provided that the plaintiffs were prevailing parties and, therefore, entitled to recover attorney fees pursuant to 42 U.S.C. § 1988. The district court awarded the plaintiffs $1,524.357.99 in fees and expenses. The defendants below appeal, arguing that the district court abused its discretion in determining the fee award by using an improper hourly rate and by failing to eliminate excessive hours. We affirm the district court.

*I. Background*

The plaintiffs initially requested a total of $1,629,327.57 in fees and expenses for the work of two law firms—Children's Rights, Inc. ("CRI"), located in New York City, and Hollins, Wagster and Yarbrough, a firm located in Nashville, Tennessee. The fee request was based on hourly rates ranging from $175.00 per hour to $375.000 per hour for the more than 6,900 hours billed. The defendants objected to the sum requested, arguing that the hourly rates requested were excessive, the number of hours billed was unreasonable, and the expenses billed were unreasonable. Specifically, the defendants argued that, for work done by CRI attorneys, the plaintiffs improperly requested reimbursement at the prevailing hourly rate for attorneys in New York City rather than the prevailing hourly rate for attorneys in Nashville. The district court granted the plaintiffs' motion in part and denied it in part. While the district court explicitly approved the hourly rates sought by the plaintiffs, the court denied the plaintiffs' request for compensation for certain categories of work and expenses. The district court directed the plaintiffs to file an amended motion for fees and expenses.

The plaintiffs filed an amended motion for fees and expenses. The defendants again objected, and the district court again disallowed certain items. The district court directed the plaintiffs to file a second

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of   Kentucky, sitting by designation.

amended request for fees and expenses, which the plaintiffs did. The district court granted the motion and awarded fees and costs to the plaintiffs in the amount of $1,524,357.99. The defendants filed the instant appeal.

*II. Standard of Review*

A trial court has discretion in making the equitable judgments regarding an award of attorney fees under 42 U.S.C. § 1988. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A trial court's fee award is entitled to substantial deference due to the trial court's "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters...." *Hadix v. Johnson*, 65 F.3d 532, 534 (6th Cir.1995) (quoting *Hensley*, 461 U.S. at 437). Accordingly, an appellate court reviews such awards for abuse of discretion. *Id.* An abuse of discretion occurs if the trial court "based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence," *Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409, 417 (6th Cir.1999), or "the reviewing court is firmly convinced that a mistake has been made." *Adcock–Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir.2000). *See also Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir.1996) ("Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment.") (citation omitted).

*III. Analysis*

A court's primary concern in a fee case is that the fee awarded be reasonable. *See generally Blum v. Stenson*, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). "A reasonable fee is one that is adequate to attract competent counsel, but ... [does] not produce windfalls for attorneys." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir.1995) (internal quotations omit-

ted). The first step in calculating an attorney fee award under 42 U.S.C. § 1988 is to multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Blum*, 465 U.S. at 888; *Adcock–Ladd*, 227 F.3d at 349. The defendants contend that the district court abused its discretion in determining both the number of hours reasonably expended and the reasonable hourly rate.

*A. The district court did not abuse its discretion by awarding attorney fees for CRI attorneys based on out-of-state hourly rates.*

■ The district court did not abuse its discretion in awarding the hourly rates sought by the plaintiffs. In determining a "reasonable hourly rate," courts typically look to the "prevailing market rate in the relevant community." *Adcock–Ladd*, 227 F.3d at 350 (quoting *Blum*, 465 U.S. at 895). The Sixth Circuit has found that "the 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record, rather than a foreign counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices...." *Id.* A court may, however, award a higher hourly rate for an out-of-town specialist if (1) hiring the out-of-town specialist was reasonable in the first instance, and (2) if the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation. *Hadix*, 65 F.3d at 535.

The defendants do not contend that the rates sought by the CRI attorneys are unreasonable for attorneys of their degree of skill, experience, or reputation; rather they argue that it was unreasonable to hire an out-of-town specialist. The district court noted that it had reviewed both par-

ties' submissions, and concluded, "With regard to the use of New York billing rates for out-of-town counsel, the Court finds that the use of an 'out-of-town specialist' was reasonable in the first instance and that the rates sought by out-of-town specialists are reasonable for an attorney of like degree and skill, experience and reputation."[1] The record included declarations by prior Tennessee Attorneys General, submitted by the defendants, referring to four complex civil rights class actions brought by Tennessee attorneys. The plaintiffs submitted affidavits from Tennessee experts in child and family law, who were familiar with the issues involved in the case and opined that there was no local attorney or coalition of local attorneys who had the resources, expertise, or willingness to bring the instant suit. While an independent review of this record would lead to some disagreement among members of this panel as to whether it was reasonable to hire out-of-state lawyers at more than double the local rate, we agree that under the deferential standard we are required to apply, the district court did not abuse its discretion in finding that the plaintiffs' decision to hire out-of-town specialists was reasonable.

### B. The district court did not abuse its discretion in determining the number of compensable hours.

 The district court also did not abuse its discretion in determining the number of compensable hours. The defendants contend that counsel for the plaintiffs exercised poor billing judgment, because the case was allegedly overstaffed, resulting in inefficiencies and unnecessary duplication of efforts. *See Hensley,* 461 U.S. at 434 ("Counsel for the prevailing

party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.... Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.") In determining whether a prevailing party used poor billing judgment, this court "look[s] to see whether the District Court, based on experience and the record in the case, misapplied the reasonable billing practices of the profession." *Coulter v. Tenn.,* 805 F.2d 146, 151 (6th Cir.1986).

The defendants do not object to particular time entries. Instead, they argue that the overall time expended by plaintiffs' counsel on various activities was excessive. When faced with specific objections, the district court—which was familiar with the case—reviewed the plaintiffs' fee petition and twice required the plaintiffs to eliminate excessive hours. While the eliminated hours constituted only a small percentage of the total hours claimed, absent more specific objections, we cannot say that the district court abused its discretion in refusing to reduce further the billable hours.

### IV. Conclusion

The judgment of the district court is AFFIRMED.

---

1. While the district court was required to provide a "clear and concise explanation of its reasons for the fee award," *Hadix,* 65 F.3d at 535 (citing *Hensley,* 461 U.S. at 437), given the limited evidence before it, the district court's failure to engage in extended analysis of its reasoning did not constitute an abuse of discretion.